HENRY JACKSON, *alias* HENRY THOMAS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error. .

| 54 | 439 |
|----|-----|
| 99 | 52 |

| 54 | 439 |
|-----|-----|
| 125 | 274 |

When, on the trial of A for murder, as principal in the second degree, the record of the conviction of B, as principal in the first degree, was introduced as evidence, and A was found guilty as such principal in the second degree, and afterwards B was granted a new trial, upon which he was found not guilty:

*Held,* that A ought to have a new trial.

Criminal law.    Principal in the second degree.    New trial. Before Judge CLARK.    Lee Superior Court.    March Term, 1874.

The principle involved in this case is so succinctly stated in the above head-note that a report is deemed unnecessary.

C. T. GOODE; D. A. VASON, for plaintiff in error.

C. F. CRISP, solicitor general, by brief, for the state.

McCAY, Judge. ·

There is some little confusion in the books as to the use of a verdict of guilty or acquittal of the principal in the first degree on the trial of the principal in the second degree.    It is decided in 28 *Georgia Reports,* 217, that the acquittal of the principal in the-first degree is not a *bar* to the trial of the principal in the second degree; whilst in 7 *Georgia,* 3, it is decided that the record of the conviction of the principal in the first degree is not only competent evidence against the principal in the second, but it makes out a *prima facie* case of his (the principal's in the first degree) guilt.    The true distinction, we think, is this: the guilt of the principal in the first degree has to be established by the state.    But the record is not conclusive *pro or con,* and for the reason that the defendant was not a party to the trial.    The record either of conviction or acquittal may be denied.    It goes in, for what it is worth, to show the fact of guilt or innocence, as any other fact, but it is not conclusive.    The truth may be shown by

either party.   In this case, under the ruling of this court in *Studstill's* case, 7 *Georgia*, 3, the record of the conviction of the principal was used as evidence.   What its effect was we do not know.   That effect it has lost since a new trial has been had, and he has been found not guilty.   This is new evidence, discovered, nay happening, since the former trial. It would seem that the prisoner is entitled to a new trial as a matter of course.

Judgment reversed.