### BRUCE *v.* THE STATE.

Where two persons are indicted for murder, one as principal in the first degree and the other as principal in the second degree, the latter may be tried and convicted of murder, although the former had been previously tried and convicted of voluntary manslaughter only.

June 8, 1896. By two Justices.

Indictment for murder. Before Judge Candler. Fulton superior court. March term, 1896.

*F. R. Walker,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *C. D. Hill, solicitor-general,* contra.

SIMMONS, Chief Justice.

The sole question presented for decision in this case is whether a person who is charged in an indictment for murder as principal in the second degree can be convicted of murder when the person charged as principal in the first degree has been convicted by a former jury of manslaughter.

Under our code a principal in the second degree is he who is present aiding and abetting the act to be done, and except where it is otherwise provided, shall receive the same punishment which the law prescribes for the principal in the first degree. (Penal Code, §§42, 43.) In several decisions this court has held that the trial of a person indicted as principal in the second degree may be had before that of the person charged as principal in the first degree. (*Boyd* v. *The State,* 17 *Ga.* 194; *Brown* v. *The State,* 28 *Ga.* 217; *Williams* v. *The State,* 69 *Ga.* 29); and this, of

course, could not be done if the result in the case of the former were dependent upon the result of the case of the person charged as principal in the first degree. If the person charged as principal in the second degree can be tried before the person charged as principal in the first degree, and found guilty, without regard to what may be the result in the case of the other principal, it follows that the same verdict may be rendered if he is tried afterwards, whether the other principal has been found guilty of a lesser offense or not. This view is fully sustained by authority outside of our own decisions. In 1 Starkie, Crim. Pl. 2d ed. 81, it is said: "Where A and B are present and A commits an offense in which B aids and assists him, the indictment may either allege the matter according to the fact, or charge them both as principals in the first degree; for the act of one is the act of the other. And upon such an indictment B, who was present aiding and abetting, may be convicted, though A is acquitted. . . If an indictment for murder charge that A gave the mortal stroke, and that B was present aiding and abetting, both A and B may be convicted, though it turn out that B struck the blow, and that A was present aiding and abetting. To go one step further, upon a similar indictment, charging A as a principal in the first degree, and B as present aiding and abetting, B may be convicted though A be acquitted." In Clark's Criminal Law, p. 90, it is said: "A principal in the second degree may be punished without having first tried and convicted the principal in the first degree; and it seems that he may be convicted of a higher offense than the principal in the first degree; for murder, for instance, where the latter has been convicted of manslaughter only." See also 2 Bishop New Crim. Proced. §3. A case directly in point is that of Goins v. The State, 46 Ohio State, 457, 21 N. E. Rep. 476, where it was held that "one indicted as an aider and abetter of the crime of murder may be placed on trial, convicted and sentenced for that offense, notwith-

standing the principal offender has been tried previously, and convicted and sentenced for manslaughter."

In *Jackson* v. *The State*, 54 *Ga*. 439, relied upon by counsel for the plaintiff in error, Judge McCay gave, as the reason why the principal in the second degree ought to have a new trial on account of the grant of a new trial to the principal in the first degree, that the record of the conviction of the principal in the first degree had been used on the trial of the other case, and may have injured the accused, and that this record having been expunged by setting the verdict aside, the principal in the second degree ought to have a new trial without this evidence bearing against him.    The decision in that case, therefore, is not in conflict with what we now hold.          *Judgment affirmed.*