### BRADLEY *et al. v.* THE STATE.

1. "When a prisoner charged with the crime of murder applies for a continuance, he must make a strict and special showing, and it must appear that the absent person whose testimony he professes to want is in fact a witness to some matter necessary to his defense; and if he knows of this from information only, he ought to submit the affidavit of his informant."

2. As principals in the first and second degree in the crime of murder are punished alike, no distinction between them need be made in the indictment.

3. Where two persons are jointly indicted for murder, each may be convicted upon evidence showing that he was either the absolute perpe-

trator of the crime, or was present, aiding and abetting the other in its commission.

4. On the trial of two persons jointly indicted for a crime, it is not inappropriate to charge upon the law of conspiracy, where the evidence authorizes such a charge, merely because the indictment does not in terms allege a conspiracy between them to commit the crime.

5. In the trial of defendants indicted for murder, where the evidence adduced by the State to establish the homicide authorizes an inference of malice in taking the life of the deceased, it is proper to instruct the jury that the law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, excuse, or justification, and that it is incumbent on the defendants to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against them.

6. The court correctly charged the law of voluntary manslaughter. The specific charge on this subject, requested in writing, contained an inaccurate statement of the law; and the request to charge was properly refused.

7. The evidence amply warranted the verdict, and no cause for another trial is made to appear.

Submitted March 18,—Decided April 9, 1907.

Indictment for murder. Before Judge Martin. Montgomery superior court. January 17, 1907.

*John R. Cooper* and *William B. Kent,* for plaintiffs in error.

*John C. Hart, attorney-general,* and *E. D. Graham,* solicitor-general, contra.

EVANS, J. Henry Bradley, Bill Brankley, and three others were jointly charged with the murder of Jim Wright. The two first-named defendants were jointly tried, and were convicted of murder, with a recommendation that they be punished by imprisonment in the penitentiary for life. The case as made by the State showed that Jim Wright, the deceased, on the night previous to the homicide, shot into a crowd of negroes with a gun, and hit several of them. The next morning the defendants on trial, and others, armed themselves and hunted up Wright. They discovered him in a swamp near the railroad track, and began shooting at him; and afterwards brought him upon the railroad track, wounded and helpless, and shot him again as he lay upon the ground. Wright died from his wounds the next day. The defendants moved for a new trial, and to the refusal of their motion they except.

1. The first ground of their motion is the refusal of the court to

continue the case because of the absence of three witnesses. No subpœna had been requested for two of them, and it did not appear that the third had been served with a subpœna. With respect to two of the absent persons desired as witnesses, there was no effort to comply with the requirements of the Penal Code, §962. With respect to the third person desired as a witness the defendant deposed that he had been informed that such person would testify to certain facts, but it did not appear with sufficient distinctness that the absent person would so testify. The rule upon such a showing is aptly stated in the first headnote in *Thompson* v. *State,* 24 *Ga.* 297, which we have adopted in this case. See also *Macon Ry. Co.* v. *Anderson,* 121 *Ga.* 669 (5). The judge did not err in refusing a continuance.

2-3. The principles enunciated in syllabi 2 and 3 are so well settled that further elaboration is unnecessary. *McWhorter* v. *State,* 118 *Ga.* 55 (5) ; *Collins* v. *State,* 88 *Ga.* 347 ; *Dumas* v. *State,* 62 *Ga.* 58.

4. The principle stated in the fourth headnote was decided in *Dixon* v. *State,* 116 *Ga.* 186 (8) ; *McLeroy* v. *State,* 125 *Ga.* 240.

5. It was not error to instruct the jury as stated in the fifth syllabus to this opinion. *Mann* v. *State,* 124 *Ga.* 760.

6. Counsel for the plaintiff in error requested the court to charge the jury as follows: "If you should find from the evidence in this case that these defendants were assaulted the night before by the deceased, and they hunted up the deceased, Jim Wright, the next day, before the blood had time to cool, and before reason had time to resume her sway, and killed Jim Wright in the heat of passion, you would not be authorized to convict these defendants of the crime of murder, but you might convict them of the offense of voluntary manslaughter, if you believe they killed Jim Wright." The refusal of this request is assigned as error. It would have been erroneous for the court to have instructed the jury as matter of law that a homicide, under the circumstances described in the request, would not be murder, without leaving to the jury to determine what might be cooling time. Hence the request was properly refused. The court did charge, however, on the subject of voluntary manslaughter, and the defendants do not complain of the correctness of the charge given.

7. The evidence amply authorized the verdict, and no reason appears why the defendants should have another trial.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*