## HANLEY v. THE STATE.

ATKINSON, J. 1. Under the rulings in the cases of *Solomon* v. *State,* 100 *Ga.* 81 (1), and *Cribb* v. *State,* 118 *Ga.* 318, it was within the discretion of the trial court to refuse to allow counsel for the defense to read to the jury a certified copy of the brief of evidence contained in a record in this court in another case, counsel for the defendant stating to the court that the object of reading such evidence was to make clear the principle of circumstantial evidence decided in that case and to illustrate that principle to the jury and apply it to the case at bar. By such refusal the court did not, under the decisions cited, abuse its discretion. See also, in this connection, *Slaughter* v. *Heath,* 127 *Ga.* 747.

2. The extracts from the charge of the court which were made the subject of complaint in the motion for new trial were not erroneous for any of the reasons assigned.

3. The alleged omissions in the charge related to matters which should have been the subject of timely and appropriate written requests. The charge as a whole sufficiently covered the controlling issue in the case, and, when it is read in its entirety, there is nothing in it that is calculated to mislead or confuse the jury.

4. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Argued March 18,—Decided April 9, 1907.

Indictment for murder.    Before Judge Martin.    Irwin superior court.    January 17, 1907.

*H. D. D. Twiggs* and *McDonald & Quincey,* for plaintiff in error.

*John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.