### 3047.  CLARK v. THE STATE.

1. The evidence, though circumstantial, is legally sufficient to support the verdict.

2. Counsel for the accused in a criminal case has the right to argue to the jury the law applicable to the case in connection with the facts shown.  To this end it is his right to read, either to the jury in the presence of the court or to the court in the presence of the jury, such law as he deems applicable; but the court has the right to refuse to allow counsel to argue to the jury or to discuss with the jury, as a part of the law of the case, propositions of law that are not applicable

to the issues. Hence, it is not an abuse of discretion for the trial judge to require counsel to read the law to the court in the presence of the jury (instead of allowing him to read it to the jury in the presence of the court), in order that the court may, before the argument has proceeded beyond the mere reading of the law, determine upon its applicability and decide the question as to whether he will allow counsel to present it to the jury. In this case there was no abuse of discretion.

DECIDED FEBRUARY 7, 1911.

Accusation of selling liquor; from city court of Lumpkin— Judge Hickey.    October 14, 1910.

*G. Y. Harrell*, for plaintiff in error.

*T. T. James, solicitor,* contra.

POWELL, J.    1. The defendant was accused of the illegal sale of intoxicating liquor.    The state produced a witness who swore that he saw the accused and certain other persons talking together, and that his suspicions were aroused by the manner in which they separated when he approached the group.—the witness being the marshal of the town.    The defendant and two others then went to an old blacksmith shop, and the witness followed.    He looked through a window and saw one of the persons who had gone into the shop with the accused take a drink of whisky from a quart bottle which was handed to him by the accused, the bottle was then handed .back to the accused, the person who took the drink gave the accused some money, and the latter handed him back the change.    The witness was unable to say how much money was handed over the first time, or how much change was returned. The accused set up that there was no sale; that he and the two others were drinking together, when he remembered that he owed the third person who was present some money, and that he got the change from the person to whom it was alleged he sold the whisky, and paid it to the third person.    The evidence, though circumstantial, is sufficient to authorize the verdict.

2. During his argument counsel for the defendant was about to read to the jury section 3526 of the Civil Code of 1895, when the court interfered and asked the counsel for defendant if he had better not read to the court, and not to the jury, the law he desired to use, and stated that he might read to the court and in the hearing of the jury any law that he (counsel for the accused) thought applicable to the case, but could not read it to the jury

directly. Counsel for the defendant insisted that he had the right to read the law to the jury as a part of his argument. The court refused to allow counsel to read the law to the jury, but stated that he might read it to the court in the presence of the jury, and that the court would instruct the jury as to it. Counsel then stated to the court that he desired to read to the jury section 3526 of the Civil Code, and demanded the right to do so; to which the court replied, "The court declines to allow you to read that law to the jury, but will give that section of the code in charge to the jury, as law applicable in this case." And the court did give this section in charge to the jury. Back in the case of *McMath* v. *State*, 55 *Ga.* 303, 308, Chief Justice Warner laid down the rule upon which most of our decisions defining the extent of the right of counsel to read law to the jury have been based. He said, "Whilst we fully recognize the court as the constitutional organ to give in charge to the jury the law, in criminal cases, and that it is the duty of the jury to receive and accept the law as given them in charge by the court as the law applicable to the case, and to apply the law so given them in charge by the court to the facts, and return a general verdict of guilty, or not guilty, still we are not aware of any law or rule of practice, adopted by the judges in convention, that will authorize the court to prohibit counsel, in the argument of criminal cases, from reading law to the jury, if they shall think proper to do so. Counsel, in their argument, may read law to the court in the hearing of the jury, or they may read law to the jury in the hearing of the court, subject to the correction of the court in its charge, which is to be considered as the authoritative exposition of the law for the consideration of the jury." In a number of cases where counsel have attempted to read Supreme Court decisions to the jury, especially such portions of the decisions as stated the facts involved in the reported cases, it has been recognized by our Supreme Court that counsel for the accused, in his argument to the jury, has the right to discuss the law, so far as applicable to the case; and to this end he may either read directly to the jury in the presence of the court, or to the court in the presence of the jury, extracts from the code and extracts from reported cases. But it is equally well recognized that the court has the power to prevent unfair or improper argument, or to prevent counsel from reading to the jury, in such

a way as to confuse them, law not applicable to the case, or to the points in issue, and that, therefore, the court may limit counsel in what he may read as law to the jury. See *Cribb* v. *State*, 118 *Ga.* 316 (45 S. E. 396); *Hanley* v. *State*, 128 *Ga.* 24 (57 S. E. 236); *Rogers* v. *State*, 128 *Ga.* 67 (57 S. E. 227); *Solomon* v. *State*, 100 *Ga.* 81 (25 S. E. 847). In *Goodwin* v. *State*, 123 *Ga.* 569 (51 S. E. 598), the direct point came up as to whether the court could compel counsel to read the law to the court in the presence and hearing of the jury, rather than to read it directly to the jury, and the Supreme Court held that the trial judge had this power. This precedent, which has never been overruled or criticised, would compel us, if there were no other reason, to hold that it was not an abuse of discretion for a trial judge to require counsel to read the law to the court, rather than to the jury, provided that the jury were allowed to hear the law as read.

*Judgment affirmed.*