## LEWIS v. THE STATE.

HOLDEN, J.    1. In the crime of murder the punishment of the principal in the first and second degree is the same, and no distinction need be made between them in the indictment; and the conviction of one of several indicted for murder as principals in the first degree is lawful, though the evidence shows him guilty only as principal in the second degree. *McLeod* v. *State*, 128 *Ga.* 17 (3), (57 S. E. 83); *Bradley* v. *State*, 128 *Ga.* 20 (57 S. E. 237).

2. Will Bruner, Sol Lewis, and Jim Wilkerson were indicted for murder as principals in the first degree. Upon the trial of the plaintiff in error, Sol Lewis, the evidence was sufficient to authorize a finding that Will Bruner was guilty of murder as principal in the first degree, and that Sol Lewis was present, aiding and abetting him in the commission of the crime, and that he was therefore guilty of murder as principal in the second degree. *Held,* that upon the trial of Sol Lewis it was not error to allow the State to introduce in evidence the indictment and the verdict thereon of guilty as to Will Bruner. *Studstill* v. *State*, 7 *Ga.* 2; *Jackson* v. *State*, 54 *Ga.* 439; *Bruce* v. *State*, 99 *Ga.* 50 (25 S. E. 760).

(a) It was not error to refuse to allow the defendant to introduce in evidence the motion for a new trial made by Will Bruner.

3. In view of the entire charge, the following charge of the court was not error requiring a new trial: "Should you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Sol Lewis, either by himself or acting in concert with Will Bruner, in Terrell county, on or about the 24th day of April, 1910, killed Silas Sutton with malice aforethought either expressed or implied, in the manner set forth in this indictment, you would be authorized to convict him, otherwise not."

4. One ground of the amendment to the motion for a new trial is as follows: "Because the court erred in charging the jury on the subject of conspiracy as set forth and recited in the charge, which was duly reported, approved, and filed as a part of the record in said case, and which is hereby referred to as part hereof." *Held,* that, the charge excepted to not being copied, or its substance set forth in the motion, or in an exhibit thereto properly identified, this ground presents no question for consideration by the court.

5. There is no merit in the ground that the charge of the court, "taken as a whole, put the case too strongly against the defendant Sol Lewis, and was more favorable to the State than to the defendant."

6. The evidence warranted the verdict.

*Judgment affirmed.    All the Justices concur.*
MAY 12, 1911.

Indictment for murder. Before Judge Worrill. Terrell superior court. February 14, 1911.

*James G. Parks,* for plaintiff in error.

*H. A. Hall, attorney-general,* and *J. A. Laing, solicitor-general,* by *R. R. Arnold,* contra.