### 16464.   PATE *v.* THE STATE.

.LUKE, J.  The evidence authorized the defendant's conviction, and there is no merit in the special assignments of error.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

> DECIDED JUNE 20, 1925.  REHEARING DENIED JULY 15, 1925.

Conviction of possessing liquor; from city court of Carrollton—Judge Hood.  April 3, 1925.

Application for certiorari was denied by the Supreme Court.

*S. J. Boykin, Boykin & Boykin,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

---

### 16477.   SMITH *v.* THE STATE.

. BROYLES, C. J.  1. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the *names* of his associates (italics ours), a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175).  Under this ruling it was not error for the trial judge in the instant case to over-rule all the grounds of the motion for a new trial based upon alleged newly discovered evidence.  Moreover, in view of the character of the alleged newly discovered evidence and the counter-showing made by the State, the overruling of the grounds was not error.

2. The excerpts from the charge of the court upon the law of alibi, when considered in connection with their context and the charge as a whole, show no material or harmful error.

3. The verdict was amply authorized by the evidence and the refusal to grant a new trial was not error.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

> DECIDED JUNE 20, 1925.

Conviction of assault with intent to murder; from Dodge superior court—Judge Graham.  March 28, 1925.

*W. A. Wooten, Roberts & Smith,* for plaintiff in error.

*M. H. Boyer, solicitor-general, J. H. Milner,* contra.