### 17229.   CLARK *v.* THE STATE.

1. The judge did not abuse his discretion in requiring the defendant's counsel, who was addressing the jury, to read the law "to the court in the presence of the jury."
2. In a criminal case a charge on the statement of the defendant is not rendered erroneous because the judge told the jury that "it is a question for the jury, in their discretion, to determine what they will do with the defendant's statement.   If they think right and proper to do so, they may believe the defendant's statement in preference to the sworn testimony in the case, provided they think it is the truth of the transaction."
3. The verdict was authorized by the evidence.
DECIDED MAY 12, 1926.

Possessing intoxicating liquor; from city court of Carrollton—Judge Hood.   February 13, 1926.
*Boykin & Boykin,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.

BLOODWORTH, J.   1.   This court is not called upon to consider the first ground of the amendment to the motion for a new trial,

Criminal Law, 16 C. J. p. 849, n. 23; p. 912, n. 89 New; p. 1019, n. 26, 30; 17 C. J. p. 87, n. 44; p. 88, n. 48 New.

because it is not complete within itself. This ground simply alleges that counsel "addressed the jury and stated that he desired to read the case of Buchanan *v.* State, when the court interrupted counsel and refused to permit him to read the law to the jury." It will be noted that counsel proposed to read "the case," the whole case. It was not stated where the Buchanan case could be found, nor is it stated that it was germane to the case on trial. However, in *Rogers* v. *State,* 128 *Ga.* 70 (4) (57 S. E. 229, 10 L. R. A. (N. S.) 999, 119 Am. St. R. 364), Mr. Justice Beck said: "While it is true that, under the practice in this State, counsel are allowed to argue to the jury the law as well as the facts, and should be allowed great latitude in the selection and presentation of those cases which in their judgment will assist the court and jury in a proper application of the law to the case as made by the evidence and the statement of the defendant, it is also true that the court exercises a discretion in such matters which this court will not interfere with, where it is not abused." In *Godwin* v. *State,* 123 *Ga.* 569 (51 S. E. 598), the first headnote is as follows: "Where, during the argument before the jury in a criminal case, counsel for the accused started to read to the jury from a Supreme Court report of this State, and objection thereto was made by the solicitor, it was not error for the court, while allowing the extract to be read in the presence and hearing of the jury, to require that it be read 'to the court.' " In *Solomon* v. *State,* 100 *Ga.* 81 (25 S. E. 847), it was held: "While it is the right of counsel for the accused in a criminal case to read law to the jury and comment thereon, this court will not control the discretion of the trial judge in refusing to allow counsel to read from a Supreme Court report of this State the facts of a decided case for the purpose of commenting upon and comparing the testimony in that case with the facts of the case on trial." See *Hanley* v. *State,* 128 *Ga.* 24 (57 S. E. 236) ; *Clark* v. *State,* 8 *Ga. App.* 757 (2) (70 S. E. 90). Under the principle announced in the foregoing decisions the court did not abuse its discretion in requiring counsel to read the law to the court in the presence of the jury. See also the amendment, adopted July 2, 1924, to Rule 2 of the rules of the superior court.

2. The court charged the jury that "The defendant denies that he is guilty. He has made a statement, which he has the right

to do under the law. His statement is not made under oath, but by permission of the law, in his own defense, and the law declares that the jury trying the case shall deal with this statement just as they see proper. They may believe it in part or believe it in whole, and reject it in part or reject it in whole. It is a question for the jury, in their discretion, to determine what they will do with the defendant's statement. If they think right and proper to do so, they may believe the defendant's statement in preference to the sworn testimony in the case, provided they think it is the truth of the transaction." There is no error in this charge. It is not subject to the criticism that "it unduly emphasized the fact that the statement was made by permission of law only; unduly emphasized that the jury must believe it to be the truth of the transaction." In *Mason* v. *State,* 97 *Ga.* 388 (23 S. E. 831), it was held: "After the court had instructed the jury, with reference to the statement of the accused, in the following words, 'To this statement you can give just such credit as you think it is entitled to; you may believe the whole of it or any part of it; you may reject the whole of it or any part of it; you may go to the extent of believing it in preference to the sworn testimony in the case,' there was no error in adding the words, *'provided you believe it to be the truth.'* " (Italics ours.) See *McCullough* v. *State,* 10 *Ga. App.* 403 (4), 405 (73 S. E. 546) ; *Smith* v. *State,* 27 *Ga. App.* 641 (109 S. E. 521).

3. While the evidence showed that the premises of the defendant were jointly occupied by him, his daughter, and his son-in-law, Will Pate, the evidence was sufficient to authorize the jury to find that it excluded every reasonable hypothesis except that the accused and Will Pate were both guilty of the offense charged. See *Pate* v. *State,* 34 *Ga. App.* 172 (128 S. E. 819). The case of *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550), cited by counsel for the plaintiff in error, is distinguished by its particular facts from this case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*