## KENT v. THE STATE.

No. 8338.   June 12, 1931.

*G. C. Dekle* and *J. K. Jordan*, for plaintiff in error.

*George M. Napier*, attorney-general, *W. G. Neville*, solicitor-general, *T. R. Gress*, assistant attorney-general, *William Woodrum*, and *R. Lee Moore*, contra.

Gilbert, J.   Beverly Kent and Early Warren were indicted as joint principals for the murder of Mrs. Calmira Johnson, who was Kent's aunt and Warren's mother-in-law. The defendants were tried separately. Kent was found guilty, and was sentenced to the penitentiary for life. He filed a motion for a new trial on the general grounds and two special grounds. The motion was overruled, and he excepted. The indictment, in so far as material, charged Kent and Warren with the offense of murder on the 21st day of July, 1930, and that they "then and there did unlawfully, feloniously, wilfully, and of their malice aforethought kill and murder, by shooting, the said Calmira Johnson with a gun, . . contrary to the laws of said State," etc. The first special ground complains that the court erred in refusing a written request to give in charge to the jury the following: "I charge you, gentlemen of the jury, that the defendant, Beverly Kent, is charged in the indictment against him with being the actual perpetrator of the murder alleged to have been committed, and in this connection I charge you that the defendant can not be convicted unless the evidence shows beyond a reasonable doubt that he, Beverly Kent, the defendant, was present at the time the murder of Mrs. Johnson was committed and actually participated in its perpetration. I charge

906

you that no matter how intimate a knowledge or connection with the crime charged the defendant Kent may have had, he could not be lawfully convicted of the charge brought against him unless he was present and actually participated in the killing of Mrs. Johnson, the deceased, since the defendant Kent is not charged as an accessory before the fact to such murder, but as a principal." The request also contained a charge on the subject of the necessity for corroboration of the testimony of an accomplice. This latter portion of the request was covered in the general charge, and there is no mention of it in the brief of plaintiff in error. Movant insists that it was error to refuse the request, because there was positive testimony to the effect that the defendant was not present at the time of the homicide in which he was alleged to have participated, and he was not charged with being an accessory before the fact, and such charge was not covered by the general charge.

■ The court did not err in refusing to charge the jury as requested. The request did not contain an accurate statement of the law in respect to principals in the first and second degrees of murder. The Penal Code (1910), § 42, provides in part as follows: "A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is he who is present, aiding and abetting the act to be done; which presence need not always be an actual, immediate standing by, within sight or hearing of the act; but there may be also a constructive presence, as when one commits a robbery, or murder, or other crime, and another keeps watch or guard at some convenient distance." Thus one who took no part in the actual killing, that is, who did not actually participate in the killing, may be convicted of murder. "In the crime of murder the punishment of the principal in the first and second degree is the same, and no distinction need be made between them in the indictment; and the conviction of one of several indicted for murder as principals in the first degree is lawful, though the evidence shows him guilty only as principal in the second degree. *McLeod* v. *State,* 128 *Ga.* 17 (3) (57 S. E. 83); *Bradley* v. *State,* 128 *Ga.* 20 (57 S. E. 237)." *Lewis* v. *State,* 136 *Ga.* 355 (71 S. E. 417). The request was not in accord with the foregoing principles. It was sought to have the court instruct the jury in effect that although the accused, Beverly Kent, may have been present aiding and abetting the actual perpetrator

of the offense, the defendant could not be convicted of murder, "no matter how intimate a knowledge or connection with the crime the defendant Kent may have had," unless "he was present and actually participated in the killing." The request was inaccurate in that it omitted therefrom the principles contained in Penal Code § 42, to wit, that a person jointly indicted with a principal in the first degree may be convicted if he "is present, aiding and abetting the act to be done; which presence need not always be an actual, immediate standing by, within sight or hearing of the act; but there may be also a constructive presence, as when one commits a robbery, or murder, or other crime, and another keeps watch or guard at some convenient distance." The court properly refused to deliver an instruction to the jury which was in itself inaccurate as a principle of law.

The remaining headnotes do not require elaboration.

*Judgment affirmed.  All the Justices concur.*