22838. JOHNSON v. THE STATE.

DECIDED APRIL 8, 1933. REHEARING DENIED MAY 10, 1933.

Joel B. Mallet, for plaintiff in error.
Frank B. Willingham, solicitor-general, contra.

BROYLES, C. J. ■ The evidence, both oral and documentary, the admission of which is complained of in special grounds 1 to 12 inclusive, of the motion for a new trial, was material and relevant to the case, and was properly admitted by the trial court.

■ The various excerpts from the charge of the court, assigned as error, when considered in the light of the remainder of the charge and the facts of the case, disclose no reason for a reversal of the judgment.

■ A ground of the motion for new trial is as follows: "Because the court erred in refusing to allow counsel for defendant, in his argument to the jury, to read to the jury in the presence of the court an extract from a certain decision of the Supreme Court of Georgia which counsel was about to read to the jury without addressing the

court; whereupon the court stated to counsel that if he wished to read a decision to the jury as applied to the case on trial, he could do so by reading the law to the court in the presence and hearing of the jury, and that after doing so he could in his argument to the jury apply the same to the case; that it was the duty of the court to pass upon and charge the law applicable to the case, and that the jury must take the law as it is given in charge by the court. Counsel refused to comply with the court's ruling, and refused to call the court's attention to any principle of law which he desired to have the court give in charge to the jury, or to make any sort of request of the court for any charge to the jury." "In a number of cases where counsel have attempted to read Supreme Court decisions to the jury, especially such portions of the decisions as stated the facts involved in the reported case, it has been recognized by our Supreme Court that counsel for the accused, in his argument to the jury, has the right to discuss the law, so far as applicable to the case, and to this end he may either read directly to the jury in the presence of the court, or to the court in the presence of the jury, extracts from the code and extracts from reported cases. But it is equally well recognized that the court has the power to prevent unfair or improper argument, or to prevent counsel from reading to the jury, in such a way as to confuse them, law not applicable to the case, or to the points in issue, and that, therefore, the court may limit counsel in what he may read as law to the jury. See *Cribb* v. *State,* 118 *Ga.* 316 (45 S. E. 396); *Hanley* v. *State,* 128 *Ga.* 24 (57 S. E. 236); *Rogers* v. *State,* 128 *Ga.* 67 (57 S. E. 227); *Solomon* v. *State,* 100 *Ga.* 81 (25 S. E. 847). In *Goodwin* v. *State,* 123 *Ga.* 569 (51 S. E. 598), the direct point came up as to whether the court could compel counsel to read the law to the court in the presence and hearing of the jury, rather than to read it directly to the jury, and the Supreme Court held that the trial judge had this power. This precedent, which has never been overruled or criticised, would compel us, if there were no other reason, to hold that it was not an abuse of discretion for a trial judge to require counsel to read the law to the court, rather than to the jury, provided that the jury were allowed to hear the law as read." *Clark* v. *State,* 8 *Ga. App.* 757 (2), 760 (70 S. E. 90). Under this ruling, the judge in the instant case did not abuse his discretion in requiring counsel for the defense to read the decision of the Supreme Court to the trial court in the presence and

hearing of the jury, instead of allowing him to read it to the jury in the presence of the court.

■ The evidence authorized the defendant's conviction of the offense charged (burning an automobile with the intent to defraud the insurer thereof). The State introduced in evidence the written confession of the accused; and other evidence authorized a finding that the confession was voluntarily made, without being induced by another by the slightest hope of benefit or the remotest fear of injury. The confession was sufficiently corroborated by other evidence to show that the burning was caused by a criminal agency, and that the defendant was the actual perpetrator of the crime.

■ The refusal to grant a new trial was not error for any reason assigned.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*