PEEPLES *v.* THE STATE.

BELL, J. 1. In the absence of statute to the contrary, the judge of the superior court has inherent power as the presiding officer of the court· to appoint the foreman of a grand jury from the number of those duly selected and required to serve. This authority vested in the judge by law is not affected by the custom of permitting the members of the grand jury to elect a foreman. *Johnson* v. *State*, 177 *Ga.* 881 (171 S. E. 699); Civil Code (1910), §§ 4644, par. 4, 4849, par. 6, 4850, par. 6. The court did not err in striking the plea in abatement to the indictment. A different ruling is not required by the decision in *Moore* v. *Carey*, 116 *Ga.* 28 (5) (42 S. E. 258), which was based in part on the custom of *litigants*.

2. On the trial of one of two defendants jointly indicted for the offense of murder, where the evidence was sufficient to authorize a finding that the defendant on trial was guilty as a principal in the second degree and that the other defendant was guilty as a principal in the first degree, the indictment with the verdict of guilty thereon as to the latter defendant, who had been previously tried and convicted, was admissible in evidence to prove the guilt of that defendant as principal in the first degree; but a motion for a new trial filed by that defendant was not admissible. *Studstill* v. *State*, 7 *Ga.* 2 (3); *Lewis* v. *State*, 136 *Ga.* 355 (2) (71 S. E. 417).

3. The court charged the jury as follows: "If a witness swear willfully and knowingly falsely, his entire testimony should be disregarded, unless corroborated by circumstances of other unimpeached evidence. It is for the jury to determine the credit to be given all the witnesses. Where a witness is impeached by any of the methods recognized by the law,

one of which is the making of contradictory statements outside of court, and another is disproving the facts testified to by the witness. Where a witness has been successfully impeached by any of the legal methods, that is, where his unworthiness of credit has been established in the minds of the jury, he ought not to be believed, unless corroborated, it being always a matter for the jury to determine when a witness has been so impeached or when he has been so corroborated." There was no exception to this charge; but it is complained that the court erred in failing, without request, to give in charge the first and third sentences of the Civil Code of 1910, § 5884, relating to the same subject. There is no merit in this contention. *Wheelwright* v. *Aiken*, 92 *Ga.* 394 (2) (17 S. E. 610); *Brown* v. *McBride*, 129 *Ga.* 92 (7) (58 S. E. 702).

4. In the present case the only issue was as to the identity of the accused, it appearing without dispute that the persons who killed the deceased were guilty of the offense of murder. In these circumstances, it was not cause for a new trial that the trial judge did not define express malice in the exact language of the Penal Code, § 61, in that he omitted the word "unlawfully" as contained therein. *Pope* v. *State*, 150 *Ga.* 703 (2) (105 S. E. 296).

5. The defendant was not harmed by the charge, "The defendant contends there is a mistake about it, that the people are mistaken who say they saw him there," although his real contention was that the witnesses swore willfully and falsely as to his presence at the scene of the homicide.

6. A requested instruction which would have invaded the province of the jury was properly refused.

7. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All of the Justices concur.*

No. 9888. MARCH 14, 1934.

*Gilmore & Cork* and *Maurice C. Thomas,* for plaintiff in error. *M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general, J. T. Goree, B. D. Murphy,* and *D. M. Parker,* contra.