## JONES *v.* THE STATE.

No. 10782. August 9, 1935.

*McDonald & McDonald,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Allan C. Garden, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

Hutcheson, Justice. Agnes Jones and Hester Lee Frances were jointly indicted for the murder of one Georgia B. Johnson. It was admitted that the actual stabbing or cutting was done by Hester Lee Frances, but the State sought to show that Agnes Jones was present, aiding and abetting the commission of the crime. Agnes Jones was placed on trial, and the trial resulted in a verdict of guilty with recommendation of life imprisonment. Her motion for new trial was overruled, and she excepted. The plaintiff in error expressly abandons the general grounds of the motion for new trial.

■ Error is assigned because of the failure of the judge to declare a mistrial because of alleged improper action of the solicitor-general in offering in evidence the verdict of a former jury, finding Hester Lee Frances, jointly indicted with defendant, guilty. It appears that no prejudicial remarks were made by the solicitor, but he simply offered this former verdict in evidence. It was incorrect for the court to hold that this evidence was inadmissible; consequently there was nothing in the conduct of the solicitor-general to afford complaint by the defendant. The motion for a mistrial was therefore without merit. *Sludstill* v. *State, 7 Ga.* 2; *Lewis* v. *State,* 136 *Ga.* 355 (2) (71 S. E. 417); *Peeples* v. *State,* 178 *Ga.* 675 (2) (173 S. E. 850).

■ Special ground 2 of the motion assigns error on the admission in evidence of certain testimony of H. H. Fountain, over objection, it being contended that testimony of a confession was brought out by hope of reward. The testimony was to the effect that the defendant, Agnes Jones, had admitted that she had the knife after the killing, and that she got it at Hester Lee Frances's house. In addition to the testimony of Fountain, a witness, Fussell, had testified to practically the same facts without objection. There was no issue as to the relative credibility of these witnesses. The case was not a close one on the evidence. Under all the facts the ruling of the court upon the objection to the testimony does not require a new trial. See *Wheeler* v. *State,* 179 *Ga.* 287 (175 S. E. 540); *Herndon* v. *State,* 178 *Ga.* 832 (4) (174 S. E. 597); *Waters* v. *Wells,* 155 *Ga.* 439 (4) (117 S. E. 322).

■ Error is assigned on the following charge of the court: "The law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent upon the defendant, whenever a homicide has been proved and participation therein has been proved, to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against her." The objection is that this is a correct statement of an abstract principle of law, but is not applicable to the facts in the present case. A homicide is not murder unless accompanied by malice, and in the instant case, the State charged a conspiracy to kill, and there was some evidence to support the charge. This being true, the statement of the judge was correct and was properly given to the jury.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*