DOUBERLY v. THE STATE.

No. 11752. MAY 14, 1937. REFILED JULY 10, 1937.

*Ulmer & Dowell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Samuel A. Cann, solicitor-general, Andrew J. Ryan, Dave M. Parker, E. G. Arnall,* and *E. J. Clower,* contra.

HUTCHESON, Justice. Leroy Douberly, Willie E. Douberly, and Edward Kent were charged with having killed Peter Carellas on June 7, 1936, by striking him with a piece of iron or steel or some other blunt instrument, and were jointly indicted as principals in the first degree by the grand jury of Chatham County. Leroy Douberly waived formal arraignment, and pleaded not guilty. The trial resulted in a verdict finding him guilty of murder, with a recommendation. He moved for a new trial on the general grounds and on certain special grounds, and his exception is to a judgment overruling his motion.

1. There is no merit in the first special ground of the motion, where the defendant complains of the admission in evidence of an oral confession or inculpatory statement alleged to have been made by him to the officers after his apprehension, in that the same was contradictory in a material way of a previous written statement which had been obtained from him by such officers, and which they had accepted, in which written statement the defendant denied having any connection with the murder and with the intent to commit the same, and in that parol evidence is not admissible to vary a written document. See *Cooper* v. *State,* 180 *Ga.* 612 (180 S. E. 103) ; *Lowe* v. *State,* 125 *Ga.* 55 (53 S. E. 1038).

2. The defendant contends that the court erred in allowing in evidence, over objection, the verdict finding Willie Douberly guilty of the murder of Peter Carellas, because the indictment charged both defendants jointly as being guilty of murder in the same degree, and did not charge either of them as a principal in

the second degree or charge conspiracy, and there was no evidence that any of the defendants conspired to go out to the filling-station of the deceased, and therefore each case stands upon its own bottom; and that while a conviction of the principal is necessary to convict an accessory, a conviction of one principal defendant is not necessary to convict the other principal defendant. There is no merit in this ground. Where principals in the first and second degree are punished alike, no distinction need be made between them in the indictment. *Lowe* v. *State*, supra. "Where an indictment charges the accused jointly with another as principal, and where the evidence shows that another inflicted the mortal blow—the accused being present aiding and abetting, both are. principals in law, as well as in fact; and the stroke of one being the stroke of the other, a verdict finding the former guilty as a principal in the second degree is not illegal and will not require the grant of a new trial." *Johnson* v. *State,* 151 *Ga.* 21 (105 S. E. 603). In order to make out its case against this defendant as principal in the second degree, it was necessary that the guilt and conviction of the principal in the first degree be shown. *Jones* v. *State,* 64 *Ga.* 697; *Howell* v. *State,* 160 *Ga.* 899 (9) (129 S. E. 436); *Rawlings* v. *State,* 163 *Ga.* 406, 426 (156 S. E. 448). This may be shown by introducing the record of the trial and conviction of the principal in the first degree. *Coxwell* v. *State,* 66 *Ga.* 309. And it is not error for the State to introduce for this purpose the indictment and verdict thereon finding the principal in the first degree guilty. *Lewis* v. *State,* 136 *Ga.* 355 (71 S. E. 417), and cit. See also *Jones* v. *State,* 181 *Ga.* 19 (181 S. E. 80); *Peeples* v. *State,* 178 *Ga.* 675 (173 S. E. 850). Such evidence is not admissible to show that the defendant on trial is guilty of the crime, but only to show that the principal in the first degree is guilty, and the trial judge should properly limit the purpose of such evidence and instruct the jury accordingly. There is no contention that this was not done in this case.

3. The third special ground of the motion for new trial, that at the conclusion of the evidence for the State, upon timely motion of the defendant, the judge erred in refusing to direct a verdict in favor of the defendant, is not well taken. Refusal to direct a verdict is never cause for reversal. *Nalley* v. *State,* 11 *Ga. App.* 15 (7) (74 S. E. 567). See *Williams* v. *State,* 105 *Ga.*

814, 816 (32 S. E. 129, 70 Am. St. R. 82) ; *McCoy* v. *State,* 15 *Ga.* 205, 210; *Central of Ga. Ry. Co.* v. *Mote,* 131 *Ga.* 166 (62 S. E. 164).

4. The charge to the jury that "The defendant . . shall have the right to make to the court and jury such statement in his behalf as he may deem proper. It shall not be under oath and shall have only such weight as the jury may think proper to give it, and the jury may believe it in preference to the sworn testimony, provided they believe it to be true," was not error requiring a new trial because of the words "provided they believe it to be true." See Code, § 38-415; *Pitts* v. *State,* 114 *Ga.* 35 (39 S. E. 873). It is not error for the court, in charging the jury on the defendant's statement, to add the words, "provided they believe it to be true." *Mason* v. *State,* 97 *Ga.* 388 (23 S. E. 831) ; *Taylor* v. *State,* 132 *Ga.* 235 (63 S. E. 1116) ; *Douberly* v. *State,* 184 *Ga.* 573; *McCullough* v. *State,* 10 *Ga. App.* 403 (4) (73 S. E. 546) ; *Clark* v. *State,* 35 *Ga. App.* 388, 390 (133 S. E. 273).

5. Under the facts of this case, the court did not err in charging the jury "that it is the contention of the State in this case that this defendant was principal in the second degree, although all three of defendants have been indicted jointly for murder; it is the contention of the State that this defendant is what is called or termed in the law as principal in the second degree; and I charge you that a person may be a principal in an offense in two degrees. A principal in the first degree is the actor or the actual perpetrator of the crime. A principal in the second degree is one who was present aiding and abetting the act to be done, which presence need not be always actually immediately standing by, or within sight or hearing of the act, but there may be also a constructive presence, as when one commits a robbery or murder, or any other crime, and another keeps watch or guard at some convenient distance. If a crime has been actually committed by some one who is guilty thereof as the principal in the first degree, and the principal in the second degree is one who was not actually or constructively present when the crime was committed, but consented thereto, and participated with actual intent therein by aiding and abetting, encouraging, consulting, advising, commanding, or procuring the commission. I charge you, under the law, that where two persons confederate with a mutual intent to

commit an assault or offense or a felony upon another person, and in pursuance of this purpose one commits the actual offense while the other stands by in a position to assist if necessary, and thus aids and abets in the commission of the crime, the latter is equally guilty with the one committing the actual assault, even though he does not inflict the blow. I charge you that if two or more persons form a common intent and purpose to commit a crime, and in pursuance of such common intent and purpose such crime is actually committed, then in that event the act of each person aiding and abetting in the commission of the crime is attributable to and the act of all—all present aiding and abetting in the common commission of the crime." When this charge is considered as a whole, it is not cause for reversal.

6. The defendant contends that the court erred in failing to charge the jury as follows: "Where one jointly indicted with others for murder is on trial, if there is no evidence of conspiracy, and the person on trial did not inflict the mortal wounds, a verdict of guilty would not be justified." In view of the whole charge as given, the failure of the court to give in charge the statement here quoted will not require the grant of a new trial.

7. The evidence supported the verdict finding the defendant guilty of murder, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*