30071. LOVE *v.* THE STATE.
30072. HORNE *v.* THE STATE.

DECIDED MAY 14, 1943.

*W. G. Neville,* for plaintiff in error.

*B. H. Ramsey, solicitor,* contra.

GARDNER, J. The case of *Love* v. *State,* ante, 411, involves the same transaction from which these cases against Charlie Love and Tommie Horne arose. The defendants were separately accused. Baby Love was tried separately. Charlie Love and Tommie Horne were tried together. Each filed a bill of exceptions, and the three cases were assigned to the writer for the purpose of preparing the opinions of the court. The description of the property alleged to have been stolen is identical in each accusation, and the demurrer interposed by each defendant challenging the sufficiency of the description is the same, and the exceptions of each of the defendants to the judgment overruling the demurrer are the same. We adopt the opinion heretofore rendered in the case of Baby Love, in reference to the alleged error in overruling the demurrer to the accusation, as controlling in the present cases against Charlie Love and Tommie Horne. The court did not err in overruling the demurrers. The errors alleged in both the general grounds and the special grounds, in so far as the cases against Charlie Love and Tommie Horne are concerned, are identical. We will treat them together.

1. Special ground 1 in the cases now under consideration contains the same assignments of error, based on the same ground, as special ground 1 in the case of Baby Love. What is there stated is controlling in the cases against these two defendants. There is no merit in this ground.

2. Special ground 2 makes the same contention made in ground 1, the only difference being that the alleged objectionable testimony comes from different witnesses. There is no merit in this ground.

3. Ground 3 assigns error because the court admitted in evidence the accusation against Baby Love, together with the plea of not guilty, the verdict of the jury, and the warrant on which the accusation was based. The objections argued to this evidence are:

(a) That it illustrated no issue in the case; (b) because the charges against the three principals were made in three different accusations; (c) because the evidence was highly prejudicial to defendants; (d) that the defendants on trial were different parties from the parties in the case of Baby Love. We have studied the evidence in these cases very carefully and are confirmed in the opinion that while these are misdemeanor cases, and in misdemeanor cases all who participate therein, directly or indirectly, are principals, yet at the same time the evidence authorized the conclusion that Baby Love played the role of principal in the first degree and the other two played the roles of principals in the second degree. Under the evidence they were all conspirators in the crime. It was held by the Supreme Court in an early decision, *Studstill* v. *State,* 7 *Ga.* 2, as follows: "3. The original indictment, with the verdict and judgment of conviction thereon, against the principal in the *first* degree, is admissible in evidence to prove his guilt on the trial of the principal in the *second degree.* 4. The record of the trial and conviction of the principal in the *first* degree, is conclusive evidence of the *conviction,* and *prima facie evidence* of his guilt upon the trial of the principal in the *second* degree, and the burden of proof rests on him to show that the principal in the *first* degree clearly ought not to have been convicted." This ruling has been followed in many cases. *Peeples* v. *State,* 178 *Ga.* 675 (2) (173 S. E. 850): "On the trial of one of two defendants jointly indicted for the offense of murder, where the evidence was sufficient to authorize a finding that the defendant on trial was guilty as a principal in the second degree and that the other defendant was guilty as a principal in the first degree, the indictment with the verdict of guilty thereon as to the latter defendant, who had been previously tried and convicted, was admissible in evidence to prove the guilt of that defendant as principal in the first degree; but a motion for a new trial filed by that defendant was not admissible." This was also the ruling in *Lewis* v. *State,* 136 *Ga.* 355 (2) (71 S. E. 417). In the cases cited it is true that the defendants were jointly indicted and in the cases at bar the defendants were separately accused. Although the defendants were separately accused the same transaction was involved, and they could have been legally accused in one accusation. The principle under consideration is the same whether they be indicted or accused sepa-

rately or jointly. In this connection it might be of interest to read *Chambers* v. *State*, 194 *Ga.* 773 (22 S. E. 2d, 487). This assignment is without merit.

4. In offering the evidence of Baby Love's conviction as dealt with immediately above, the solicitor-general made the following remark: "The purpose is: the evidence throughout the trial shows that it is one transaction and it is all evidence by the witness for the State that these two parties were with this man [Baby Love] in his car." Counsel for the defendants thereupon made a motion for a mistrial on the ground that the remarks of the solicitor-general were prejudicial and harmful to the defendants. The court overruled the motion. The evidence is indisputable that the statement of the solicitor-general was correct, and in view of the objections made to the introduction of the testimony the statement of the solicitor-general as to the purpose of it was not improper under the facts of this case. The court did not err in overruling the motion for a mistrial. There is no merit in special ground 4.

5. The evidence sustains the verdicts.

*Judgments affirmed. Broyles, C. J., and MacIntyre, J., concur.*