30481. ROPER *v.* THE STATE.

Decided July 14, 1944.

*W. G. Neville,* for plaintiff in error.

*B. H. Ramsey, solicitor,* contra.

MacIntyre, J. A principal in the first degree, the second degree, and accessories before the fact, are defined in the present Code as follows: "A person may be principal in an offense in two degrees. A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is he who is present, aiding and abetting the act to be done; which presence need not always be an actual, immediate standing by, within sight or hearing of the act; but there may be also a constructive presence, as when one commits a robbery, or murder, or other crime, and another keeps watch or guard at some convenient distance." § 26-501. "An accessory before the fact is one who, though absent when the crime is committed, procures, counsels, or commands another to commit same." § 26-602.

A, B, C, D, and the defendant were charged in separate accusations with gambling, under the Code, § 26-6404, and tried separately. The evidence established the fact that each one, if guilty, was an absolute perpetrator of the crime charged, to wit, gambling, in the same card game at the same time and place. Hence, each of them was a principal in the first degree. The accusations of A, B, C, and D, the verdicts of guilty of A and B, and the pleas of guilty of C and D, together with the sentences of all four of them, were allowed to be introduced in evidence against the defendant over his objection. The accusations did not expressly allege, nor did the evidence show, that any of the said persons charged with gambling were principals in the second degree, or accessories. The defendant on trial, having been alleged to be a principal in the first degree, and the evidence showed him, if guilty, to be such, the right to try him is not dependent upon the conviction of any other person, and the rule, as stated in *Studstill* v. *State, 7 Ga.* 2 (3), to wit, that "the original indictment, with a verdict and judgment of conviction thereon, against the principal in the *first* degree, is admissible in evidence, to prove his guilt on the trial of principal in the *second* degree," can not be applied in the instant case, for the rule applicable here is "res inter alios judicata nullum aliis praejudicium faciunt [matters adjudged in a cause ought not to prejudice or injure those who are not parties to it]." Black's Law Dictionary (1891 ed.) p. 1029. Therefore, it was error to allow

in evidence and over objection such accusations, pleas of guilty, verdicts of guilty, and sentences, for these documents were entirely matters adjudged in the trial of cases in which the defendant did not participate, and to which he was not a party—neither were they proof of the guilt of the defendant in the instant case as a principal in the first degree.

While the case of *Charlie Love* v. *State,* 69 *Ga. App.* 415, 416 (25 S. E. 829), cited by the State, is a misdemeanor case, it is distinguishable from the instant case (also a misdemeanor case) in that in the *Charlie Love* case, "the evidence authorized the conclusion that Baby Love played the role of principal in the first degree, and the other two [one of whom was Charlie Love] played the roles of principals in the second degree. Under the evidence, they were all conspirators in the crime." In the instant case, there was no evidence authorizing a finding that the defendant was guilty as a principal in the second degree, but, on the contrary, the evidence showed that if he was guilty at all, he was guilty as a principal in the first degree. See in this connection *Chambers* v. *State,* 194 *Ga.* 773 (22 S. E. 2d, 487) ; *Cantrell* v. *State,* 141 *Ga.* 98 (80 S. E. 649) ; *Braxley* v. *State,* 17 *Ga. App.* 196 (3) (86 S. E. 425).

In allowing, over objection, the accusations, pleas, verdicts, and sentences of A, B, C, and D, all principals in the first degree, to be introduced in evidence against the defendant then on trial, another principal in the first degree, the trial judge committed reversible error. *Judgment reversed. Gardner, J., concurs.*

BROYLES, C. J., dissenting. I can not concur in the majority opinion of the court. The judgment is reversed upon a special ground of the motion for a new trial. That ground complains of the admission of certain documentary evidence, but the ground fails to set forth the documents in question or to attach them as exhibits to the ground. Therefore, under repeated decisions of the Supreme Court and this court, the ground is too defective to be considered by this court.