## 42172. PRUITT v. THE STATE.

266

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966.

*Gene Reeves, Jr., Richard M. Craig,* for appellant.
*Reid Merritt, Solicitor General,* for appellee.

NICHOLS, Presiding Judge. ■ The first special ground of the motion for new trial, numbered 4, complains of the admission of evidence as to whether the defendant's condition was influenced by medicine prescribed by a physician. The witness was asked if he knew what effect the medicine had on the defendant and, after the objection was made that the answer would constitute a conclusion, the trial court ruled the witness could testify as to what he had observed. It was not error to permit such witness to testify as to what he observed of the defendant's conduct and such testimony was not a conclusion. See *Wells v. State,* 110 Ga. App. 507 (139 SE2d 151); *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (7) (140 SE2d 227).

■ Special ground numbered 5 complains that the trial court erred in admitting into evidence two bullets removed from a cabinet near the place where the prosecutor was standing at the time he was shot. Inasmuch as the defendant admitted the shooting and based his defense upon the ground of self-defense it was not harmful error, if error, to admit such bullets into evidence.

■ Under decisions exemplified by *Bell v. State*, 71 Ga. App. 430 (31 SE2d 109), it was not error to admit in evidence a diagram of the house where the shooting admittedly took place although it was not drawn to scale. Therefore, special ground numbered 6 of the motion for new trial was properly overruled by the trial court.

■ Special ground 7 of the motion for new trial complains that the trial court erred in refusing to permit a witness for the defendant to testify as to the character and reputation of the defendant for peaceableness.

Assuming that under the decision in *Powell v. State*, 101 Ga. 9 (1a) (29 SE 309), the question was proper, and that the defendant is not barred by failing to inform the court of the expected answer to such question (see *Parrish v. State*, 88 Ga. App. 881 (78 SE2d 366); *Barfield v. Aiken*, 209 Ga. 483 (6) (74 SE2d 100); and citations), yet where such witness testified as to the general good character of the defendant the answer necessarily included the one trait sought to be brought out by the defendant and no harmful error is shown by this ground of the motion for new trial.

■ Special ground 8 complains of the following excerpt from the charge: "If you find from the evidence that the defendant used an instrument, and if you further find that the instrument in the manner in which it was used was a weapon likely to produce death, then the law from the use of such weapon in such manner would imply malice." Under the decisions of the Supreme Court exemplified by *Hogan v. State*, 61 Ga. 43, such charge was not error.

■ The sole remaining special ground, numbered 9, complains that the trial court erred in refusing to give the jury a requested charge which included language authorizing the defendant to shoot the prosecutor in self-defense, although no felonious assault was being committed upon the defendant, was properly overruled. See *Love v. State*, 14 Ga. App. 49 (2) (80 SE 209).

*Judgment affirmed. Hall and Deen, JJ., concur.*