## 43821. LEE v. THE STATE.

BELL, Presiding Judge. Defendant was convicted of voluntary manslaughter. The transcript shows that defendant was in his car, and was leaving a high-school dance at about 10:30 p.m. Clinton Jackson was a passenger in the car. According to defendant's unsworn statement, a group of three or four persons threw some rocks at his car as he was driving from the school grounds. He stopped the car and got out. The persons who had thrown the rocks ran. As defendant ran up an embankment in pursuit, he fired his gun up into the air to frighten them. At that time he could not see them, as they had fled. Expert testimony showed that the deceased, who was one of the persons on the bank, was killed by a bullet from defendant's gun. The weapon was a derringer, a small type of pistol. Clinton Jackson testified that while defendant was getting out of his car he was "going in his back pocket bringing out a gun"; the gun was in "his back pocket." Jackson also testified that after defendant had run up the embankment he stopped, aimed the gun straight ahead, rather than up, and fired one shot.

1. The court did not err in allowing counsel for the State on cross examination to propound to a character witness for the defendant the following question: "If Loyless Lee, Jr. carried on his person a concealed weapon, a pistol, would that affect your valuation of his character." The hypothetical question was permissible as the statement of fact embraced in the question was reasonably inferable from evidence showing that the pistol was a small one and that defendant was carrying it in a back pocket while seated in his car. *Stewart v. State,* 37 Ga. App. 386 (5) (140 SE 415); *Maner v. State,* 45 Ga. App. 594, 599 (165 SE 305); *Jones v. State,* 88 Ga. App. 330 (4) (76 SE2d 810); *Brown v. State,* 2 Ga. App. 417 (58 SE 549); *Stanford v. State,* 25 Ga. App. 487 (103 SE 728).

2. In arguing the second ground of the enumeration of errors, defendant requests that we overrule Division 4 of *Pruitt v. State,* 114 Ga. App. 265 (150 SE2d 695), which otherwise controls this ground adversely to him. The request is denied.

3. One who shoots a gun without justification in the general direction of another, not to hit him but to frighten him, is guilty of an assault. *Crumbley v. State,* 61 Ga. 582, 584; *Hart v. State,* 55 Ga. App. 85 (2) (189 SE 547); *Nelson v. State,* 92 Ga. App. 738 (2) (90 SE2d 38). In determining whether the theory of justification is applicable to the otherwise unlawful act, the fundamental question is whether the act was done only as a measure of prevention against an impending or progressive wrong and was not motivated by revenge or by some other illegal purpose originating with the defendant. *Norrell v. State,* 116 Ga. App. 479, 485 (157 SE2d 784); *Mize v. State,* 135 Ga. 291, 296 (3) (69 SE 173); *Ward v. State,* 25 Ga. App. 296 (1) (103 SE 726). Defendant's unsworn statement showed that his assailants had already desisted and were in flight before he fired his gun. As the act was therefore inconsistent with a preventive purpose, it apparently was a gesture of revenge. As defendant's statement negated any element of justification in the act of shooting, the court did not err in denying his request to charge the law relating to involuntary manslaughter in the commission of a lawful act.

4. The court did not err in charging the jury on the law of voluntary manslaughter or in refusing to charge the law relating to misfortune or accident.

5. An instruction authorizing the jury to fix punishment by

"any determinate term of sentence" within the minimum and maximum number of years prescribed for the offense was correct and in accordance with Section 4 of the Determinate Sentence Act (Ga. L. 1964, pp. 483, 484; *Code Ann.* § 27-2502). While the court "purely by way of illustration" spoke of a determinate sentence in terms of years, nothing in the charge prevented the jury from assessing a length of time including a fractional part of a year. Compare *Lackey v. State,* 116 Ga. App. 789 (1) (159 SE2d 188).

6. It was not an abuse of the court's discretion to require defendant's counsel to read from appellate decisions to the court in the presence and hearing of the jury instead of allowing counsel to read directly to the jury. *Godwin v. State,* 123 Ga. 569 (51 SE 598); *Clark v. State,* 8 Ga. App. 757 (2), 760 (70 SE 90); *Johnson v. State,* 46 Ga. App. 776, 777 (169 SE 321).

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED SEPTEMBER 5, 1968—DECIDED DECEMBER 5, 1968— REHEARING DENIED DECEMBER 20, 1968.

*Frank G. Wilson,* for appellant.

*Jack J. Gautier, Solicitor General, Fred M. Hasty, Whitney T. Evans, Jr.,* for appellee.