*Trippe, Judge.
1. The Court, in the illustrations that were given to the jury, certainly intended them to be taken only as hypothetical instances explanatory of a legal principle, and not as reciting any -facts as proven on the trial. We doubt not the jury so understood them, and could not have been misled by them. Had they been stated as being proven by the evidence, the question would have been different. But, under the strictest rule, some freedom must be allowed a judge to explain and illustrate to a jury his meaning in a charge on legal questions, especially where such questions can thus be simplified and be made more-fully comprehended by those who are to make an application of them to the facts of the case under investigation.
2. The main question in this case is, did the facts proven justify the verdict? The jury were authorized to find, and doubtless did so find, that a man — a negro man — in the' night time, entered a room, by raising a window, where a girl thirteen or fourteen years of age was sleeping, and got into bed with her, under the bed clothes, and on his movements waking her, and she making an outcry, which was responded to from another room where her uncle slept, the negro fled out of the window. The jury found the defendant guilty. Shall their verdict be set aside ? They have determined the facts and the intention; shall we say that intention was not as the jury found it? Here was an adventurer, guilty of a daring, reckless act, which, it is natural to suppose, no one would attempt, unless it was from a desperate purpose to accomplish the end intended at all hazards. The recklessness of what he did do illustrates the recklessness of his intention. A party acting as this defendant, has no right to complain where both the law and an outraged family spare his life. It is a principle found in many decisions, and in the elementary books, that a person may be guilty of this offense, though the intent afterwards subsides and he desists from his purpose, especially if he so desists from fright at being detected, or from inability to accomplish *his purpose: 35 Ala., 380; Bishop on Crim. Raw, sec. 664, and note 4.
Judgment affirmed.