### Darden *v.* The State.

*Atkinson, J.*—Following the decision of this court in *Jackson* v. *The State*, 91 *Ga.* 322, the evidence was sufficient to authorize the jury to convict the accused of an assault with intent to commit rape, and the trial judge did not abuse his discretion in refusing to grant a new trial.    *Judgment affirmed.*
February 7, 1896.

Indictment for assault to rape.  Before Judge Griggs. Randolph superior court.  November term, 1895.

The plaintiff in error was convicted of assault with intent to rape.  He moved on the general grounds for a new trial, and his motion was overruled.  He is a negro, and the woman on whom the assault was alleged to have been committed was a white girl of twenty years.  According to her testimony, she was sleeping in her bedroom and was awakened about midnight by the cover moving on her bed. She did not rise immediately, and the cover moved twice more; whereupon she became thoroughly awake and conscious that something was wrong, and screamed for her father.  As she did so the defendant jumped out of the window and ran away.  It was dark; no lamp was burning. She testified positively that it was defendant.  There was other testimony to the effect that she had previously spoken doubtfully on this point, and as if she did not know who the negro was.  She knew the defendant well; he had worked on her father's place a good deal.  There was testimony,

of a somewhat uncertain character, as to tracks leading from the premises, to which defendant's feet seemed to correspond. He was arrested on the same night, soon after the assault, in bed at his own house, with his head covered up, 'either asleep or pretending so to be.

*Arthur Hood*, for plaintiff in error.  *John R. Irwin*, solicitor-general, by *W. M. Harper*, contra.