26943. BATTLE, *alias* DEAN, *v.* THE STATE.

DECIDED SEPTEMBER 20, 1938.

*A. L. Henson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

BROYLES, C. J. The accused (a negro woman) was indicted for the offense of murder, and was convicted of voluntary manslaughter. Her motion for new trial was overruled, and she excepted. In the brief of her counsel the only ground of the motion argued or insisted on is a complaint of the refusal of the court to declare a mistrial. The ground states that the prosecuting attorney, during his concluding argument to the jury, said: "Gentlemen of the jury, what Judge Lumpkin said in the Scott case eighty years ago is as true to-day as it was then. I'll read it to you from the 25th volume of the Georgia Reports: 'Human life is sacrificed at this day, throughout the land, with more indifference than the life of a dog, especially if it be a good dog.

. . Cain was the first murderer, who'"—Here counsel for the defendant interrupted the argument and moved for a mistrial because of the foregoing argument of the prosecuting attorney. The judge refused to declare a mistrial, and said: "I think it is the best practice not to read that language, and I instruct the jury to disregard it." However, the judge in his order overruling the motion for new trial states: "It will be observed that the amended motion for new trial sets forth the conduct of Hon. E. E. Andrews, assistant solicitor-general, who prosecuted this case. During the course of his argument Mr. Andrews began to read from a Georgia report, and upon objection by counsel for the defendant the court then and there stopped Mr. Andrews and instructed the jury to disregard the reading from the report, and then and there rebuked the [assistant] solicitor-general in that he told him that that was not proper, and so instructed the jury, and for them to disregard entirely the part read by Mr. Andrews." In *Nix* v. *State*, 149 *Ga.* 304 (100 S. E. 197), Nix was convicted of murder. In that case the solicitor-general in his argument to the jury read the following extract from the opinion of the Supreme Court in *Hawkins* v. *State*, 25 *Ga.* 207 (71 Am. D. 166): "Human life is sacrificed at this day, throughout the land, with more indifference than the life of a dog, especially if it be a good dog. Scott [the deceased] may not have been a good citizen, still he was a human creature, under the protection of the laws of the State; and even in his person the punitory power of the government must be vindicated." The defendant made a motion to declare a mistrial on the ground that the reading of the extract in the hearing and presence of the jury was prejudicial to the accused. The judge overruled the motion, but instructed the jury not to take any law from the counsel, that the court would charge them fully on the law of the case. However, the court did not rebuke the solicitor-general. The Supreme Court held that the reading of the extract did not require the judge to declare a mistrial, and affirmed the overruling of the motion therefor. The extract in that case and the one in this case are from *Hawkins* v. *State*, supra, and are substantially identical. Under the decision of the Supreme Court in the *Nix* case, this court is bound to hold that the judge did not err in refusing to declare a mistrial in the instant case. This case is a stronger one for

the State than the *Nix* case; for here the judge not only stopped the prosecuting attorney from reading any further from' the Georgia Report and instructed the jury to disregard what he had read, but *rebuked* him in the presence of the jury. The fact that the decision in the *Nix* case was by a divided court is immaterial. A majority decision of the Supreme Court is binding as a precedent on this court until it is overruled or modified by the Supreme Court.

 *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*