## 28087. BORDERS *v.* THE STATE.

DECIDED JANUARY 10, 1940.

*George W. Westmoreland,* for plaintiff in error.

*Frank Simpson, solicitor-general, Davis & Stephens,* contra.

MACINTYRE, J. The defendant, a negro, was convicted of the offense of assault with intent to rape. His motion for new trial was overruled, and he excepted. It appears from the evidence that on the occasion in question three white girls, Elsie Lois Short, age eleven, Mary Helen Simms, age eight, and Doris Ann Hooper, age nine, were visiting the home of Lavada Hunt, uncle of Elsie Lois Short, the girl alleged to have been assaulted. The three girls were dressed in bathing suits, and were playing in a branch which was located about one hundred and fifty yards from the house. The

Short girl testified that they had been playing about an hour before anything happened, when she heard a noise in the bushes, and she turned and saw the defendant coming out of the bushes at her; and that she ran screaming to her uncle, who was about one hundred yards away in a cornfield. It also appeared that there was a foot-log at the place where the defendant came out of the bushes toward the children and where the children were playing. The other two girls said Elsie was just teasing them; that her uncle told them it was nothing, and for them to go on back. She further testified that they went back; that the defendant jumped at them again and they ran out again; and that the defendant called her a "black s. o. a. b." The Short girl's uncle testified that he saw the defendant go into the bushes near where the children were; that it was about twenty minutes before he came out, and that he walked out across the meadow after he came out. The deputy sheriff testified that he had a conversation with the defendant about two weeks after he had been put in jail, and that the defendant said he just as well enter a plea of guilty so he could get out of jail. Upon this state of facts the defendant was found guilty, and given a five-year sentence. The sole question raised in the bill of exceptions is whether or not the evidence authorized the verdict.

The three girls, ages eleven, nine, and eight, were wading in an ankle-deep creek near the home of their kinspeople. A kinsman was hoeing his crop about one hundred yards away, in full sight of the girls and the defendant. The fact that the girls, being frightened upon seeing the defendant, ran to the kinsman but immediately thereafter returned to their wading, and the further fact that there were three of them thus wading, and the defendant knew that the kinsman was in sight and in calling distance of the girls, and that it was necessarily obvious to the defendant that if he had seized and gagged one of the girls the other two would necessarily have given the alarm and brought the kinsman to the rescue, and the further fact that the girls, without being accompanied by their kinsman, returned to the creek and began looking for the defendant, would indicate that they had arrived at the conclusion that the defendant was not attempting to do them serious bodily harm. The Hooper girl testified: "We then went to where Mr. Hunt was, and then we went back down there, and Elsie crossed the footlog and I said, 'I'm going to throw a rock down there,' and

she said, 'You better not, for if it's anybody else you are liable to hurt them,' and we went around there again, and Mary Helen Simms went with her, and didn't see anybody, and I went down below the footlog and see if I could see anybody, but he looked like he was trying to get away, and we all screamed and ran. He was in three or four feet of me when I last saw him. After we started out we ran toward Mr. Hunt. He called us bad words. He called us 'black s. o. a. b.' All of this was in Jackson County." In *Davis* v. *State,* 46 *Ga. App.* 732, 736 (169 S. E. 203), it is said: "It is not necessary for the State to show that the defendant expressed in so many words any such intention, to enable the jury to arrive at the fact that he so intended. The intention may be gathered from the circumstances of the case as proved." The girls were in bathing suits, wading and playing in a creek near a footlog. (The word "footlog" would indicate that the log was used to cross the creek where the path led to and from the creek, at and near the place where the girls were playing.) Assuming, as testified by Mr. Hunt, that the defendant crawled in the bushes and that he watched the girls wading, yet there was no evidence of any amorous or lustful remark, or any manipulation of the persons of the girls; and even if he grabbed at one of the girls he on no occasion touched or even pursued them, although he was very near them. If the defendant did not desire to commit the offense of rape, what was his desire? It is possible that he desired to be a "Peeping Tom," or to frighten, or possibly something else; but we are unwilling to say that his conduct showed beyond a reasonable doubt that there was more of an intent to commit one than the other. "And if it points to one with as great a degree of certainty as another, that which is the least heinous will be presumed to have been intended. This follows logically from the presumption of innocence which the law raises in favor of a person charged with crime." *Dorsey* v. *State,* supra. The proved circumstances do not show beyond a reasonable doubt that the defendant, a negro boy, intended to have carnal knowledge of the female.

The evidence is not sufficient to prove the corpus delicti, nor does the evidence either by the defendant's statement to the deputy sheriff that "he just as well do the same thing [plead guilty] so he could get out of there [jail]," or his statement to the bailiff that "he went over to Falkner's to get them to chop cotton, and decided

he would go down to the creek and fish a while, and those children was down on the creek, and they come alarmed at him some way or 'nother, and he said to himself he better get on out from down there before some of those white people decided to do something to him," carry the burden of showing beyond a reasonable doubt that he attempted to have carnal knowledge of Elsie Lois Short, as alleged in the indictment. *Pickett* v. *State,* 53 *Ga. App.* 478, 481 (186 S. E. 206).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*