30276. PATRICK *v.* THE STATE.

DECIDED JANUARY 25, 1944.

R. L. *LeSueur*, for plaintiff in error.

E. L. *Forrester, solicitor-general,* contra.

MacINTYRE, J. "In order to authorize a conviction for the offense of assault with intent to rape, the evidence must show beyond all reasonable doubt, (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female. If any of these three elements is lacking, the offense is not made out." *Davis* v. *State,* 46 *Ga. App.* 732, 733 (169 S. E. 203). Do the facts of this case show an assault? If so, what injury? They show at least an unlawful imposition of the negro's hand upon the female in lust, which would have been an assault and battery, and would have been a greater outrage than to touch her in anger, and equally a breach of the peace. *Davis* v. *State,* supra; *Goodrum* v. *State,* 60 *Ga.* 509, 512. Does the fact that the negro was discovered in the girl's room, on her bed, holding her by the hand, show an intention to have intercourse with her forcibly and against her will? Also, how far must he go before the jury are authorized to find that his intent is established? It seems to us that from the position of the parties there is no rational doubt that the negro intended to have sexual intercourse forcibly or by consent. *Carter* v. *State,* 35 *Ga.* 263.

There is no evidence whatever remotely indicating that the girl was not virtuous. There is not a particle of proof to show that the defendant expected sexual intercourse to take place by consent of the girl. On the contrary, they were not of the same race, nor of approximately the same social standing, nor were they on any sort of terms of intimacy. *Davis* v. *State,* supra. Thus the jury were authorized to find that the facts proved left no rational doubt, that is, a doubt based upon reasonable inferences such as are ordinarily drawn by ordinary men in the light of their experience in ordinary life, that the defendant intended to have sexual intercourse with the girl forcibly and against her will. Following the decisions in *Carter* v. *State,* supra, *Jackson* v. *State,* 91 *Ga.* 322 (18 S. E. 132, 44 Am. St. R. 25), and *Darden* v. *State,* 97 *Ga.* 407 (25 S. E. 676), we hold that the evidence was sufficient to authorize the jury to convict the accused of an assault with an intent to commit rape, and the judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*