31380. HARPER *v.* THE STATE.

DECIDED NOVEMBER 7, 1946.

480

*Hudson & LeCraw,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J. ■ As to the general grounds, the distinguished counsel argue enthusiastically that the evidence is insufficient to show that the defendant committed an assault and battery upon the lady with the purpose of having carnal knowledge of her forcibly and against her will. It is further contended that the evidence is equally as strong that he committed the assault and battery for the purpose of obtaining the consent of the lady or for some other purpose undisclosed. In support of this contention, counsel cite many cases wherein this court and the Supreme Court have reversed convictions for assault with intent to rape because the evidence did not show beyond a reasonable doubt what the intent of the defendant was in making the assault or attack upon the female. Those cases are: *Gaines* v. *State,* 7 *Ga. App.* 397; *Dorsey* v. *State,* 108 *Ga.* 477; *Parker* v. *State,* 72 *Ga. App.* 302; *Scott* v. *State,* 63 *Ga.*

*App.* 353; *Borders* v. *State,* 61 *Ga. App.* 573; *Little* v. *State,* 42 *Ga. App.* 222; *Pauldo* v. *State,* 29 *Ga. App.* 389; *Johnson* v. *State,* 63 *Ga.* 356. We have cited these cases in the order named in the brief of counsel for the defendant. We might say that *Dorsey* v. *State,* supra, is a leading case and is more often quoted than any others so far as our information goes. In division 1 of that opinion the Supreme Court lays down three elements of this offense: first, an assault; second, an intent to have carnal knowledge of the female; third, a purpose to carry into effect the intent to have carnal knowledge of the female with force and against her will. During the course of the opinion the Supreme Court said: "The main point upon which we place our judgment is, that the evidence does not show an intention on the part of the accused to have carnal knowledge of Mrs. Vines forcibly and against her will. An intention to do any one of three things might be inferred from this evidence: rob, frighten, or rape; or there might have been some other motive for his conduct, difficult to conjecture." In almost all the cases cited the defendant in making the attack did not express any intention to have carnal knowledge of the female. In all of them the defendant did not express any purpose as to why he made the attack, whereas in the instant case the defendant not only told the female that it was his purpose and intent in attacking her to have carnal knowledge of her, but when arrested approximately an hour thereafter, he also stated to the officers that he "wanted this woman," meaning that he wanted to have sexual intercourse with her. This leaves no doubt, of course, that he wanted to rob or frighten her, or attack her for any other purpose than to have carnal knowledge of her. This then left but one question for the jury to determine, and that was, whether he intended to effectuate this purpose forcibly and against her will. The jury were authorized in the determination of this question to consider the difference in the races, the customs, the scuffling, the time of night, the fact that no lights were there and no one near, and that the defendant did not desist until she unzipped her purse and threatened to blow his brains out. This was ample evidence to sustain the verdict of guilty. See *McCullough* v. *State,* 10 *Ga. App.* 403 (1) (73 S. E. 546); *Carter* v. *State,* 35 *Ga.* 263, 264; *Jackson* v. *State,* 91 *Ga.* 322 (2) (18 S. E. 132, 44 Am. St. R. 25); *Darden* v.

*State,* 97 *Ga.* 407 (25 S. E. 676); *Watkins* v. *State,* 68 *Ga.* 832 (2-a); *Patrick* v. *State,* 70 *Ga. App.* 530 (29 S. E. 2d, 103); *Brittain* v. *State,* 41 *Ga. App.* 577 (153 S. E. 622); *Davis* v. *State,* 46 *Ga. App.* 732 (169 S. E. 203); *Jones* v. *State,* 46 *Ga. App.* 679, 681 (169 S. E. 46); *Sharpe* v. *State,* 48 *Ga.* 16; *Ware* v. *State,* 67 *Ga.* 349. While it is true, in some of the cases which we have last cited from the State's brief in the order named therein (and in which all convictions were affirmed), that it does not appear that any purpose was expressed by the defendant as to why he made the assault, we have read them carefully and their facts are sufficient to differentiate the present case from each of the cases cited by the defendant in which the appellate courts reversed the conviction.

■ There is one special exception to an excerpt from the charge of the court, as follows: "Incriminatory admissions are not admissible in evidence if induced by the slightest hope of benefit or the remotest fear of injury, but it must appear that they were freely and voluntarily made." It is contended that the court should have charged without a request that the question was for the jury to determine whether the admissions (a) were in fact made, and (b) were in fact made freely and voluntarily without being induced by hope of benefit or the remotest fear of injury; and that, even though the court had admitted testimony concerning such purported admissions, the introduction of such testimony did not establish that the admissions were incriminating. It is further contended that the following excerpt did not cure such error: "Now, gentlemen, the State has put in evidence certain statements which are contended to have been made by this defendant subsequent to the time of the alleged crime and prior to the trial of this case, and which are referred to as incriminatory admissions." In this connection, it might be well to quote the additional charge of the court on incriminatory admissions, as follows: "An incriminatory admission, as applied to a criminal case, is a statement by a defendant of a fact or facts pertinent to the issue and tending, in connection with the proof of other facts and circumstances, to prove the guilt of the accused, but which is of itself insufficient to authorize a conviction, an admission of circumstances which require the aid of other testimony to authorize a verdict of guilty. In-

criminatory admissions are not admissible in evidence if induced by the slightest hope of benefit or the remotest fear of injury, but it must appear that they were freely and voluntarily made. They are to be received with care and scanned with great caution."

We must look to the full charge of the court and not to an excerpt thereof. When we do this we find that the court charged fully concerning: (a) the presumption of innocence; (b) the defendant's statement; (c) the law of the offense charged; (d) reasonable doubt; and (e) cautioned the jury that they should not consider anything which the court had said to be the slightest intimation of an opinion as to what had or had not been proved or as to the guilt or innocence of the defendant, and in this connection reiterated that it was the burden of the State to prove the guilt of the accused beyond a reasonable doubt, otherwise they should acquit him. We have studied this ground painstakingly, in view of every phase of the trial, from the viewpoint of the contentions of the defendant that, since the judge charged on incriminatory admissions at all (which was not required without a written request), he should have gone further and charged all the law concerning incriminatory admissions, as set out in this ground. And we have likewise stated the question from the viewpoint and contentions of the State that the excerpts from the charge contained in this ground were correct principles of law and complete, and that if the defendant had desired an additional principle of law charged, it should have been requested in writing. Counsel for both the defendant and the State make earnest and plausible arguments and cite appellate court decisions to sustain their contentions. In our view we do not deem it necessary to set forth here and comment on the decisions cited by both parties, but think it sufficient to say that under the record of this case this ground shows no cause why we should reverse the judgment overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*