34869.   SHARPE *v.* THE STATE.

Decided October 15, 1953.

*J. Wade Johnson, Jr., Jackson & Graham,* for plaintiff in error.
*Roger H. Lawson, Solicitor-General,* contra.

TOWNSEND, J. ■ In the first special ground of the amended motion for new trial, error is assigned on the charge of the court as follows: "In determining intent, differences in racial and social standings and customs may be considered." This portion of the charge is taken in essence, if not verbatim, from a charge in *Jackson* v. *State,* 91 *Ga.* 322 (2) (18 S. E. 132, 44 A.L.R. 25), on a trial involving a like offense. The language used by the court in that case was approved in an opinion written by Chief Justice Bleckley, as follows: "The doctrine of the court's charge to the jury that, upon the question of intention, social customs founded on race differences, and the fact that the man was a negro and the girl a white person, might be taken into consideration, is undoubtedly correct. There was nothing in the evidence to indicate that the girl was not virtuous, or that she had held out any encouragement to this negro, or to any other person, white or black, to enter her bedroom for illicit intercourse. . . Surely it was legitimate for the jury to note any departure from the customary modes of visiting which was involved in a nocturnal entrance by a negro man into the bedroom of a white woman during the hours usually devoted to sleep. The difference of sex, to say nothing of the difference of race, would afford ample ground for directing attention to this element of the case." In the *Jackson* case the negro entered the room of the girl, sat on her bed, called her name, and touched her foot. The question of identity was not involved, nor the question of intent to commit some crime other than rape, but only whether the intention might have been (a) to pay a visit for some lawful purpose, (b) to obtain the girl's consent to intercourse, or (c) to rape her.

In *Dorsey* v. *State,* 108 *Ga.* 477, 480 (34 S. E. 135), a case of assault with intent to rape, which was reversed by the Supreme Court by a divided bench, the following was stated in regard to the *Jackson* case and the subject matter of this charge: "The fact that the alleged assailant is a negro may, in cases like the

878

one now under consideration, be properly considered for one purpose, and that is, to rebut any presumption that might otherwise arise in favor of the accused that his intention was to obtain the consent of the female, upon failure of which he would abandon his purpose to have sexual intercourse with her. Under the conditions surrounding the two races in this State, when in the trial of a person charged with assault with intent to commit a rape the only theory of the defense is that the accused intended to have sexual intercourse but it was his purpose to desist if he met with opposition, if the assailant is a negro and the female is a white woman, such a theory will avail nothing unless the evidence shows either that the female was not a virtuous woman, or that she had in some way encouraged the approaches of her assailant. The vital question, however, to be considered is whether, under the circumstances of the particular case, a negro could reasonably be presumed to have thought that a white woman would consent to his lustful embraces; and no such inference will ever arise in his favor, unless the circumstances are such that no other inference can be possibly drawn. The ruling in the case of *Jackson* v. *State*, 91 *Ga.* 322, is to the above effect, but it goes no farther. No decision of this court has ever been made in which it was held that evidence of the character relied on for a conviction in the present case was sufficient to convict one of the offense for which the accused was charged." The evidence in the *Dorsey* case was to the effect that the negro in question, with a pistol in his hand, sprang up from behind some bushes beside the road where the accused was walking alone, and said, "I have got you where I have wanted you for a long time." In *Pickett* v. *State*, 53 *Ga. App.* 478 (186 S. E. 206), the prosecutrix, while walking along a path was grabbed around the neck by the defendant; she screamed and he ran away. The court reversed the conviction in that case and, following the ruling in the *Dorsey* case, held that the *Jackson* case went no further than a situation where the defendant, a negro, sets up that he intended to have sexual intercourse with a white woman, but it was his purpose to desist if he met with opposition, and that such theory would avail nothing unless it was shown that the woman was not virtuous, or that she had encouraged the approaches of her assailant.

In *Harper* v. *State,* 74 *Ga. App.* 479 (40 S. E. 2d 222), this court, after analyzing the evidence to show that under the testimony any question as to assault with intent to rob, murder, or commit any felony other than rape, had been eliminated from consideration, stated: "This then left but one question for the jury to determine, and that was, whether he intended to effectuate this purpose *forcibly and against her will.* The jury were authorized in the determination of *this* question to consider the difference in the races, the customs," etc.   (Emphasis added.)

That the case is a close one on its facts cannot be questioned, insofar at least, as the question of intent is concerned.  See, in this connection, *Jackson* v. *State,* supra; *Dorsey* v. *State,* supra; *Johnson* v. *State,* 63 *Ga.* 355; *Carter* v. *State,* 35 *Ga.* 263; *Parker* v. *State,* 72 *Ga. App.* 302 (33 S. E. 2d 739); *McCullough* v. *State,* 11 *Ga. App.* 612 (76 S. E. 393); *Pickett* v. *State,* supra.  In such a case, where under no phase of the evidence is the question of consent involved, such charge is error, and where the question as to intent is far from clear, it must be held to be harmful error, since the jury might have construed the charge, that "in determining intent, differences in racial and social standings and customs may be considered," to mean that difference in racial or social standing would authorize them to conclude that the intent was an intent to rape rather than an intent to rob, injure, murder, or to commit some other felony upon the person of the victim.  Accordingly, a reversal is demanded upon this ground.

■ Special ground 2 of the amended motion for new trial is abandoned.  In special ground 3 error is assigned on the court's remark as to certain evidence, "I don't see that that's got anything to do with the case"; and, as to other evidence, "That's not material."  These statements during the progress of the trial do not appear to have been rulings on objections to evidence insofar as this record shows.  If considered as expressions of opinion, they are not before this court since no objection or motion for a mistrial was made at the time.  These exceptions are therefore without merit.

■ The general grounds are not passed upon, as this case is to be tried again.

The trial court erred in denying the motion for new trial.

*Judgment reversed.   Gardner, P.J., and Carlisle, J., concur.*