35228. SHARPE *v.* THE STATE.

DECIDED DECEMBER 2, 1954.

*Jackson & Graham, J. Wade Johnson, Jr.,* for plaintiff in error.
*Roger H. Lawson, Solicitor-General,* contra.

PER CURIAM. This case was before the Court of Appeals on a previous occasion. See *Sharpe* v. *State,* 88 *Ga. App.* 876 (78 S. E. 2d 534). This court reversed the verdict on account of a charge of the court. On the second trial the defendant was again convicted of assault with intent to rape. He again filed a motion for new trial on the general and two special grounds.

1. Where evidence is provisionally or temporarily admitted by the trial court and no further ruling is invoked by the objecting party, no question is raised for consideration by this court. Special ground 1 is without merit.

2. Special ground 2 assigns error because the court erred in not granting a mistrial because of the evidence of M. S. Peterson while testifying as a witness for the State. The solicitor-general propounded to the witness questions with reference to where the witness had known the defendant. The witness answered: "I had seen him around his house. I had seen him on the chain gang when he was making time for rape before." Thereupon counsel for the defendant moved for a mistrial and the motion was denied. Counsel for the defendant made the following statement to the court: "I make a motion for a mistrial in this case on account of that statement made by this witness because it is prejudicial and it is inadmissible. It is prejudicial and harmful to this defendant. It is absolutely incompetent testimony in this case."

By the Court: "Gentlemen, well, the question was asked of the witness about his knowledge and acquaintance of this party and in answering the question as to where he had seen him and how he knew him, he happened to make the statement that he had seen him on the chain gang. Now that statement was not proper. It was not elicited intentionally by the State and was a voluntary statement in answer to the question. I have already

instructed you that you will not consider that statement that he had seen him on the chain gang. You will just not consider that at all. It is not a proper answer for the witness to make and it is just one of those things that will be done sometimes. The court has already instructed you not to consider that statement and I do so now. You will not consider the statement that this witness had seen this defendant on the chain gang. That is not admissible in evidence and will not be considered by you at all. With this instruction, I overrule the motion to declare a mistrial, gentlemen. Let me make one other statement. Under our law, gentlemen, the State can't put into evidence for the consideration of the jury the character of the defendant. That is not admissible. The State has not got any authority at all to put any testimony before the jury with reference to the character of the defendant. That is the reason I excluded the statement about being on the chain gang. That would indirectly put his character in evidence and the law doesn't allow that, so on the grounds that the State can't put his character in evidence before the jury, I excluded it. I am saying this so you will know that any attempt to put his character in evidence is not to be considered by you at all. You will not consider the defendant's character at all."

We think that the court erred in refusing to declare a mistrial. The statement of the witness was clearly inadmissible and very prejudicial to the defendant. The court's remarks to the jury did not refer to the offense of rape but only to the fact of the defendant's being on the chain gang. The case was a close one on the facts as to several questions. One of these was the identity of the defendant; another was the defendant's intentions. The statement by the witness might easily have influenced the conclusions of the jury on either or both of the above questions. We cannot be sure whether they did or not, but the interests of justice and fair play demand the grant of a new trial on this ground.

The general grounds are not passed on.

The court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., Townsend, Carlisle, Quillian and Nichols, JJ., concur. Gardner, P. J., dissents.*

GARDNER, P. J., dissenting. I concur in the majority opinion as to division 1.

I dissent as to division 2 for the following reasons: In the case when it was here before (*Sharpe* v. *State*, 88 *Ga. App.* 876), this court related a considerable amount of the evidence. I will not repeat that part of the testimony or any of the evidence as to the general grounds, but will add thereto only that part of the testimony of one of the witnesses, the husband of the woman alleged to have been assaulted. That evidence is: "My wife woke me up screaming. Buddy Sharpe had his hand wrapped in her left sleeve, and she was leaning over on the bed with her head pushed down. He had his hands wrapped in her gown, with his knee upon the edge of the bed standing over her."

The defendant was positively identified by the husband as a person who had attacked Mrs. Truman Conner, the wife of the witness. The main argument of counsel for the defendant is based on *Dorsey* v. *State*, 108 *Ga.* 477 (34 S. E. 135), regarding the intent of the person assaulting a female. In my opinion the facts in *Dorsey* v. *State*, supra, and in the instant case are essentially different. So are the facts in the subsequent case based on the *Dorsey* decision. We realize that in a case of the character of the instant case the State must prove: (1) an assault; (2) an intent to have carnal knowledge of the female; (3) a purpose to carry into effect such an intent with force and against the consent of the female. *Carter* v. *State*, 35 *Ga.* 263; *Sharpe* v. *State*, 48 *Ga.* 16; *Jackson* v. *State*, 91 *Ga.* 322 (18 S. E. 132, 44 Am. St. R. 25); *Davis* v. *State*, 46 *Ga. App.* 732 (169 S. E. 203); *Patrick* v. *State*, 70 *Ga. App.* 530 (29 S. E. 2d 103).

Necessarily, it is true that each case of this sort must stand on its own factual bottom. The jury were amply authorized, under the evidence, to find that the defendant made the assault, and did so with intent to have carnal knowledge of the female, and that he had a purpose to carry this intent into effect forcibly and against her will.

Special ground 2 assigns error because the court erred in not granting a mistrial because of the evidence of M. S. Peterson while testifying as a witness for the State. The solicitor-general propounded to the witness questions with reference to where the witness had known the defendant. The witness answered: "I had seen him around his house. I had seen him on the chain gang when he was making time for rape before." Thereupon

counsel for the defendant made a motion for a mistrial, which was denied by the court. Counsel for the defendant made the following statement to the court: "I make a motion for a mistrial in this case on account of that statement made by this witness because it is prejudicial and it is inadmissible. It is prejudicial and harmful to this defendant. It is absolutely incompetent testimony in this case."

By the Court: "Gentlemen, well, the question was asked of the witness about his knowledge and acquaintance of this party and in answering the question as to where he had seen him and how he knew him, he happened to make the statement that he had seen him on the chain gang. Now that statement was not proper. It was not elicited intentionally by the State and was a voluntary statement in answer to the question. I have already instructed you that you will not consider that statement that he had seen him on the chain gang. You will just not consider that at all. It is not a proper answer for the witness to make and it is just one of those things that will be done sometimes. The court has already instructed you not to consider that statement and I do so now. You will not consider the statement that this witness had seen this defendant on the chain gang. That is not admissible in evidence and will not be considered by you at all. With this instruction, I overrule the motion to declare a mistrial, gentlemen."

By the Court: "Let me make one other statement. Under our law, gentlemen, the State can't put into evidence for the consideration of the jury, the character of the defendant. That is not admissible. The State has not got any authority at all to put any testimony before the jury with reference to the character of the defendant. That is the reason I excluded the statement about being on the chain gang. That would indirectly put his character in evidence and the law doesn't allow that, so on the grounds that the State can't put his character in evidence before the jury I excluded it. I am saying this so you will know that any attempt to put his character in evidence is not to be considered by you at all. You will not consider the defendant's character at all."

Under all the facts and circumstances, the full charge of the court and the special admonitions of the court to the jury, I do

not think that the court erred in refusing a mistrial. The necessity for a mistrial was obviated by the trial judge. This contention is without merit.

In my opinion, this case should be affirmed.