### 35605. MOSS *v.* THE STATE.

Decided March 17, 1955.

*Owens & Epstein, Leon S. Epstein, Henley & Chaney,* for plaintiff in error.

*Paul Webb, Solicitor-General, C. O. Murphy,* contra.

Townsend, J. ▪ The amended motion for new trial assigns error on the court's failure to sustain an objection of the defend-

ant's counsel to the solicitor's reading to the court in the presence of the jury an excerpt from the case of *Davis* v. *State,* 46 *Ga. App.* 732 (169 S. E. 203), quoting from *Dorsey* v. *State,* 108 *Ga.* 477 (34 S. E. 135) as follows: "What was the defendant's purpose? To rob, frighten, have carnal knowledge of the girl—or what was his desire? Did not the jury have the right to say, under all the facts and circumstances deducible from the evidence, that he intended to have carnal knowledge of her, and, on account of the difference of race and social standing of the parties involved, determine whether there was a purpose to have carnal knowledge forcibly and against the girl's will? The fact that the alleged assailant is a negro may, in cases like the one now under consideration, be properly considered for one purpose and that is. . . The fact that the alleged assailant is a negro may, in cases like the one now under consideration, be properly considered for one purpose, and that is, to rebut any presumption that might otherwise arise in favor of the accused that his intention was to obtain the consent of the female, upon failure of which he would abandon his purpose to have sexual intercourse with her."

The court overruled the objections, and immediately in connection therewith stated to the jury: "Well, gentlemen, you will try this case upon the evidence submitted to you and the defendant's statement, giving it such weight and credit as you think it is entitled to receive, *applying thereto the laws given you in charge by the court.*" (Emphasis added.)

Code § 24-3302 provides in part as follows: "Arguments of counsel shall be confined to the law and the facts involved in the case then before the court. . . Counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto in decisions by the Supreme Court or Court of Appeals." In *Warmock* v. *State,* 56 *Ga.* 503, it was held that counsel might present their view of the law to the jury in a criminal case, subject to correction by the court in his charge. In *Clark* v. *State,* 8 *Ga. App.* 757 (2) (70 S. E. 90), it was held that counsel has the right to read to the jury in the presence of the court, or to the court in the presence of the jury, such law as he deems applicable, but the court may "require counsel to read the law to the court in the presence of the jury (instead of allowing him to read it to the

jury in the presence of the court) in order that the court may, before the argument has proceeded beyond the mere reading of the law, determine upon its applicability and decide the question as to whether he will allow counsel to present it to the jury." It appears that the discretion of the trial court in permitting counsel to read principles of law to the court in the presence of the jury is more flexible and less likely to constitute reversible error than where the trial court permits counsel to read such principles to the jury in the presence of the court. See also *Rome Railroad Co.* v. *Barnett,* 94 *Ga.* 446 (2) (20 S. E. 355), *Johnson* v. *State,* 46 *Ga. App.* 776 (169 S. E. 321), *Dill* v. *State,* 106 *Ga.* 683 (32 S. E. 660), *Solomon* v. *State,* 100 *Ga.* 81 (25 S. E. 847), *Nix* v. *State,* 149 *Ga.* 304 (2) (100 S. E. 197), *Battle* v. *State,* 58 *Ga. App.* 395 (198 S. E. 719), as to the discretion of the court in such cases.

It appears here that the excerpt complained of was read to the court in the presence of the jury; and, although the trial judge overruled the objections of defense counsel to the reading, he instructed the jury to try the case upon the evidence, the defendant's statement, and the law as given in charge by him. While the charge of this excerpt to the jury by the court was held to be error in *Sharpe* v. *State,* 88 *Ga. App.* 876 (78 S. E. 2d 534), the question of consent being in no way involved, and while here also there is no issue as to consent, the error is not so prejudicial as to require reversal, although the conduct of counsel for the State in reading the excerpt and the ruling of the court based on the objection of counsel for the defense thereto is not approved by this court. In the first place, the jury was not instructed by the court to consider the racial distinctions between the prosecutrix and the defendant, as was done in the *Sharpe* case. In the second place, the evidence in the *Sharpe* case was more doubtful on the question of the intent of the defendant than in the instant case. This assignment of error is not such as to require a reversal.

■ As to the general grounds, the prosecutrix testified: She was walking through a block-long underpass in the city of Atlanta, on her way to work. There were no lights in the underpass, although it was possible to see fairly well when one's eyes became accustomed to the dim light. There were no other pedes-

trians in this area, but occasional vehicular traffic. The sidewalk was elevated two or three feet above the street, and there were large supporting pillars two or three feet in thickness. The defendant was approaching the prosecutrix from the opposite end of the underpass and, when he reached a point about ten feet in front of her, she noticed that his genital organs were exposed and hanging outside his pants. She attempted to walk past the defendant as though she had not seen this (the encounter being approximately in the center of the underpass); but, as he approached her, he suddenly lurched out into her path and grabbed at her. She screamed, ducked, and ran for the exit, and the defendant then ran for the opposite exit. Two motorists who had just gone through the tunnel heard the scream, saw her running, and asked what was the matter, and she related these facts to them. They immediately took her in the automobile in the direction in which the defendant had gone and located him walking down DeKalb Avenue. The defendant was arrested, and stated that he had just walked through the underpass but denied that he had committed any assault. The evidence in the case thus showed an assault, accompanied by violence, and showed no circumstances authorizing the inference that such assault was for the purpose of gaining the *consent* of the prosecutrix. Accordingly, a jury question was presented as to whether the defendant's purpose was to have carnal knowledge of the female by force and without her consent. *Thomas* v. *State*, 99 *Ga.* 38 (26 S. E. 748); *Dorsey* v. *State*, 108 *Ga.* 477 (34 S. E. 135). The general grounds are without merit.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*