35671. JOHNSON *v.* THE STATE.

64

Decided May 20, 1955.

*Ralph U. Bacon, Wm. J. Neville, W. G. Neville,* for plaintiff in error.

*B. D. Dubberly, Solicitor-General,* contra.

Townsend, J.  During the trial the State placed a witness, Robert Bacon, on the stand and asked the question, "What happened to this knife there that night?" Counsel for the defendant objected on the ground that the question was irrelevant unless a proper foundation was laid. The solicitor-general and the court both remarked that they did not know what the witness was going to say. Without further objection the witness recounted a discussion between himself and the defendant, which culminated in the defendant stabbing him. Counsel for the defendant then said, "If he doesn't connect this up with the cutting of Herman Williams here, what happened to him is a separate and distinct offense and not relevant to this case, and I ask that it be excluded." There followed some other questions seeking to establish the time element between the two stabbings, following which the testimony was excluded. (The only testimony not excluded, relating to the identification of the defendant's knife, is not contended to have been improperly admitted.) The defendant made no other motion or objection. In the amended grounds of the motion for new trial he contends that the court erred (1) "in admitting the evidence complained of," (2) that his right to a fair and impartial trial was hampered "by the admission

thereof, although the court finally sustained the objection," and (3) "that the court erred in admitting the evidence complained of in the presence of the jury without first determining, in the absence of the jury, whether or not said evidence was material and relevant, so as to thereby avoid the possibility of prejudicing the jury's mind."

Considering these contentions in inverse order, the third ground of objection is without merit for the reason that counsel for the defendant failed to make any motion to exclude the jury until it could be determined whether or not the testimony was relevant to the case. It is obvious from his objection as to testimony concerning "the transaction between the defendant and this witness" that he had some idea of the nature of the testimony to be offered, which the court did not have, and his remedy would have been a motion to exclude the jury while invoking a ruling of the court, failure to do which amounted to a waiver of this ground. The remaining contentions are obviously without merit, since they complain of the "admission" of testimony which was never in fact admitted, but was excluded as soon as offered. In such a case, if the testimony offered is actually improper (which it is unnecessary here to decide), and if it is heard by the jury and is of such nature that a fair and impartial trial cannot thereafter be had, the remedy is by motion for a mistrial. *Sharpe v. State*, 91 *Ga. App.* 147 (2) (85 S. E. 2d 95). In such circumstances, failure to move for a mistrial may be treated as a waiver of the error. *Livingston v. State*, 17 *Ga. App.* 136 (86 S. E. 449).

■ The testimony of the prosecutor as to the stabbing and his identification of the defendant as the person committing the act, coupled with identification of the defendant's knife and other corroborative circumstances, were sufficient, as against the general grounds, to authorize the verdict of guilty.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*