## 48062. SANFORD v. THE STATE.

HALL, Presiding Judge. The defendant appeals from his conviction for the offense of burglary.

1. The defendant's contention that the court erred in charging as to the meaning of reasonable doubt is without merit. The identical charge was approved in *Deering v. State,* 123 Ga. App. 223 (3) (180 SE2d 245) and *Bruster v. State,* 228 Ga. 651 (2) (187 SE2d 297).

2. Defendant also contends that the court erred in charging "and you further find beyond a reasonable doubt that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact would authorize the jury to infer the accused was guilty, unless he explains his possession to your satisfaction." This charge was approved in *Horton v. State,* 228 Ga. 690, 691 (187 SE2d 677).

3. Defendant further contends that the following colloquy between the trial court and the jury foreman implies prejudice on the part of the trial judge and denies him the right to a fair trial: "The jury has raised the question as to whether or not the jury could have made available to it any past record of the defendant regarding any previous offense of this nature. This we didn't know, sir." After the judge had re-charged on reasonable doubt and recent possession but without referring to this portion of the foreman's request, the foreman stated: "The one remaining question that one or two members of the jury raised is whether or not there was any prior record." To this the judge answered: "I cannot address you with regard to this in any way at this time."

It is important for appellate judges to remember that "A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials." Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (36 LE2d 208). The work of a trial judge in a criminal trial is not an easy one. His language in colloquies with counsel, witnesses or jurors should not be judged by the hindsight of appellate judges after weeks of academic deliberation but by the practical difficulties and circumstances faced by the trial judge at the time of the trial.

The transcript shows that the judge first tried to ignore that part of the foreman's request about whether or not the accused had

a past record and charged on the other matters—reasonable doubt and recent possession. The foreman again said: "The one remaining question that one or two members of the jury raised is whether or not there was any prior record." To this the judge finally said: "I cannot address you with regard to this in any way at this time." This was a reasonable reply under the circumstances. He could not, at that time, reveal to the jury whether the defendant did or did not have a record. Our law so provides; he could do so later in the event of a conviction.

The defendant contends that this reply should be given an unfavorable inference, that the accused has a record but he could not tell them about it at that time. Another inference is just as logical, that the accused has no record but he could not tell them about it at that time. It is basic that after a verdict of guilty the appellate courts must draw every inference and presumption in favor of the verdict. *Taylor v. State,* 128 Ga. App. 13 (195 SE2d 294); *Ryder v. State,* 121 Ga. App. 796 (3) (175 SE2d 882). It should also be noted that after the colloquy defendant's counsel commented about the charge on recent possession but made no objection or motion for mistrial as to the judge's answer to the foreman.

In our opinion the defendant received a fair trial.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen and Stolz, JJ., concur. Pannell, J., concurs in the judgment. Quillian, Evans and Clark, JJ., dissent.*

ARGUED APRIL 5, 1973 — DECIDED JUNE 29, 1973.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, James H. Mobley, Jr., Morris H. Rosenberg,* for appellee.

EVANS, Judge, dissenting. I concur in all that is set forth in Judge Clark's very cogent and persuasive dissent, and I wish to add these lines. There can be no doubt that every one of the jurors, being intelligent human beings, fully understood the pointed and damaging statement by the trial judge. The juror wished to know if the defendant had a prior record, and Judge Tanksley, in the presence of all twelve jurors, stated: "I cannot address you with regard to this in any way *at this time.*" (Emphasis supplied.) What intelligence did that transmit to the mind of each juror—that at some future time the judge could tell them that the defendant *had no prior record?* Assuredly not—they knew—as any sensible person would know—that the judge labored under some inhibition which

prevented his telling the jury about the *prior record of the defendant at this time.*

But assume that half the jurors were paying little attention, or took this to mean that the defendant had no prior record; and assume the other half took the opposite view,—that the defendant *did have a prior record*—that is enough to pollute the pure stream which supposedly flows from the fountain of justice. The defendant has no burden of showing that each juror understood the language to mean he had a prior record, or that even one of these so understood it. All he has to show is that the language was such that *one juror could have understood it to mean he had a prior record.*

Could the trial court, can this court, can anybody say that not a single one of the jurors so understood the judge's message? Unless we can so state, then we are duty bound to grant the defendant a new trial. The defendant does not have to show that he was injured; he only has to show that he *could have been injured* by this very pointed and accusatory language.

It has been held that where the trial judge inadvertently uses language which *could* have injured the defendant, such requires a new trial as *"we have no way of telling how much influence it may have had on the jury in arriving at their verdict."* Nixon v. State, 14 Ga. App. 261, 263 (80 SE 513). The same language citing *Nixon* is found in *Moyers v. State,* 58 Ga. App. 237, 240 (198 SE 283). It has also been held that even though the verdict arrived at is the one that ought to have been rendered, and the erroneous statement was wholly unintended by the judge, a reversal must be had *"whether in fact it was injurious to the party or not."* Central of Ga. R. Co. v. Augusta Brokerage Co., 2 Ga. App. 511, 513 (58 SE 904). And where a "slip of the tongue" occurs, unless the true meaning is so palpable as to be clearly understood by the jury, a reversal is required. *Plaspohl v. Atlantic C. L. R. Co.,* 87 Ga. App. 506 (1) (74 SE2d 491).

For all of the foregoing, I am quite convinced that my esteemed colleagues of the majority are in serious error in affirming this unwarranted language by the trial judge in the presence of the jury, and I dissent.

CLARK, Judge, dissenting. My disagreement with my brethren deals with the impact of the incident dealt with in the third division. I suggest that the inadvertent use of the words "at this time" in reply to the direct query from the foreman concerning the possibility of the accused having a previous criminal record was error in the context in which it occurred. Apparently the jury was

unable to agree and therefore requested a re-charge on "reasonable doubt" and "recent possession of stolen goods" as well as "whether or not the jury could have made available to it any past record of the defendant regarding any previous offense of this nature." The interest of the jurors in this specific phase was such that after the judge had recharged on the matters covered in Divisions 1 and 2 of the majority opinion but made no mention of this third item the matter of any past record was further pressed by the foreman by another direct query. Whereas the recharge as to the legal matters was couched in legal language which some jurors might consider as "gobbledygook" and have difficulty in comprehension, there could be no similar lack of understanding in the plain words of the judge's answer: "I cannot address you with regard to this in any way *at ths time.*" (Emphasis supplied.)

Undoubtedly the trial judge had in mind our recently instituted bifurcated procedure whereby a defendant's guilt or innocence is first determined separately from the sentencing portion which follows a guilty verdict. Code Ann. § 27-2534. But how were the laymen composing the jury to know that this procedure was the reason for the words "at this time" being used? The unwitting inclusion of these three words possibly inferred to the minds of the laymen jurors that defendant did have a prior conviction and that this would be made known to the jury at another time if defendant were found guilty.

It is, of course, an accepted legal principle that the state may not, excepting in special circumstances, make reference to prior offenses or place the character of the accused in evidence. Code § 38-202.

Among other reasons for this rule is the necessity of making certain that the accused receives a fair trial as to the particular offense uninfluenced by extraneous or irrelevant factors.

If the State introduces evidence of the bad character of the accused before he puts his character in issue, a mistrial must be granted on motion by the defendant. *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48); 11 Encyc. Ga. L. § 31, p. 287. Recognition of the possible prejudice which is created by mention of other offenses is such that in *Sharpe v. State,* 91 Ga. App. 147 (85 SE2d 95) this court held that the inadvertent statement by a witness could not be eradicated by an explanatory instruction from the court so that a mistrial was required. See also *Smith v. State,* 118 Ga. App. 464 (164 SE2d 238). When a trial judge, even though unintentionally, uses the words as here which might be interpreted by laymen as

reference to other crimes, there is an even greater possibility of the accused being deprived of his right to a fair trial. This is due to the status of the trial judge who is considered to be an impartial overseer of justice. Thus in *Phillips v. State,* 18 Ga. App. 109 (2) (88 SE 905) our court said: "The remark of the court was especially prejudicial not only because it tended to put in issue the character of the defendant, but also because it supplied a fact which had not been shown even by the testimony of the prosecutor."

Of course, all American courts, both trial and appellate, should make certain that every accused obtains a fair trial. " 'The term "fair trial" is often used, but not often defined. It is of broad scope. While we shall not undertake to give a formal definition of the term, yet it may not be amiss to mention, in part at least, its content . . . It means a trial before an impartial judge, an impartial jury, and in an atmosphere of judicial calm . . . Being impartial means being indifferent as between the parties . . . It means that, while the judge may and should direct and control the proceedings, and may exercise his right to comment on the evidence, yet he may not extend his activities so far as to become in effect either an assisting prosecutor or a thirteenth juror.' " Goldstein v. United States (C. C. C. Mo.) 63 F2d 609, 613 quoting from Sunderland v. United States, 19 F2d 202, 216.

We realize the trial judge here was impartial and did not intend to influence the jury to render a guilty verdict or deprive the accused of any of his rights, particularly his right to fair trial before an unprejudiced jury. Nevertheless, as was said in *Nixon v. State,* 14 Ga. App. 261, 263 (80 SE 513): "We have no doubt that the learned trial judge inadvertently used the language complained of, but we can not hold that it was harmless; we have no way of telling how much influence it may have had on the jury in arriving at their verdict." See also *Moyers v. State,* 58 Ga. App. 237, 240 (198 SE 283).

We have no means of determining what weight the twelve laymen placed on these three words, but we must recognize that all American courts, both nisi prius and appellate, have an overriding concern to insure that the accused receives a fair trial. This solicitude "exacts absolute impartiality on the part of the judge as to both his conduct and remarks. A judge must not do or say anything that can be construed by the jury to the prejudice of the accused." State v. Hudson, 358 Mo. 424, 425 (215 SW2d 441). We suggest that this seemingly innocent phrase "at this time" unfairly tilted the scales of justice despite being a correct statement of law

and the defendant should have a new trial with these scales in balance.

I am authorized to state that Judges Quillian and Evans concur in these views and join me in this dissent.